562 S.W.2d 851 (1978)
In the Matter of D. W. M.
No. B-7183.
Supreme Court of Texas.
March 1, 1978.
Daniel, Tarver & Secrest, Jerry Secrest, Temple, for petitioner.
Don S. Caldwell, Jr., Dist. Atty., Richard W. White, Asst. Dist. Atty., James L. Bradley and L. L. Geren, Groesbeck, for respondent.
PER CURIAM.
This case involves an order of a juvenile court waiving its jurisdiction and transferring a juvenile to a district court for criminal proceedings. At issue is whether the juvenile court had jurisdiction to consider *852 discretionary transfer where the record shows that the juvenile was not served with a summons to the hearing.
D.W.M. was alleged to have participated in the murder of Chester Brooks and the burglary of his store on January 17, 1977, in Limestone County, Texas. At the time of the commission of the alleged offenses, D.W.M. was sixteen years old. Pursuant to Section 54.02 of the Texas Family Code Ann. (1975), the State requested the Juvenile Court of Limestone County to waive its jurisdiction of the case and to order the transfer of the juvenile to the 77th Judicial District Court of that county for criminal proceedings. The record does not show that D.W.M. was served with a summons to the transfer hearing.
The hearing in the juvenile court was held on March 11, 1977. D.W.M., his parents, and his attorney were present. At the commencement of the hearing, D.W.M.'s attorney announced ready; none of the parties present objected to the fact that no summons had been served upon D.W.M. At the conclusion of the hearing, the juvenile court waived its jurisdiction and ordered that the juvenile be transferred to district court for adult criminal proceedings. In doing so, the juvenile court found, among other things, that:
"D.W.M. is of sufficient sophistication and maturity to have intelligently, knowingly, and voluntarily waived all constitutional and statutory rights heretofore waived by said D.W.M., and to have aided in the preparation of his defense..."
The court in its order further found that:
"The social evaluation and psychiatric study indicate D.W.M. is mature and sophisticated enough to aid in his defense and to be treated as an adult."
Based on the above facts, the court of civil appeals affirmed, holding that the juvenile had waived the requirement that a summons be served upon him. 556 S.W.2d 390. This holding conflicts with Section 53.06(e) of the Texas Family Code Ann. (1975), and we grant the application for writ of error pursuant to Rule 483 of the Texas Rules of Civil Procedure.
Juvenile transfer proceedings, in general, are governed by section 54.02 of the Family Code. It states, among other things, that the petition and notice requirements of sections 53.04, 53.05, 53.06, and 53.07 of the Family Code must be satisfied; further, it requires that the summons state that the purpose of the hearing is to consider discretionary transfer to criminal court. Tex. Family Code Ann. § 54.02(b) (1975). Failure to comply with section 54.02(b) will deprive the juvenile court of jurisdiction to consider discretionary transfer. In re T.T.W., 532 S.W.2d 418 (Tex.Civ.App.Texarkana 1976, no writ); In re K.W.S., 521 S.W.2d 890 (Tex.Civ.App.Beaumont 1975, no writ). See generally In re J.R.C., 551 S.W.2d 748 (Tex.Civ.App.Texarkana 1977, writ ref'd n.r.e.); In re P.B.C., 538 S.W.2d 448 (Tex.Civ.App.El Paso 1976, no writ).
Section 53.06 of the Family Code pertains to the citation of parties participating in juvenile proceedings.[1] Under that section, *853 a juvenile court must issue a summons to the following parties to the proceedings: (1) the juvenile named in the petition; (2) his parents or guardian; (3) his guardian ad litem; and (4) any other person the court deems to be a necessary party to the proceeding. Additionally, a copy of a petition setting out the alleged conduct of the juvenile must accompany the summons.
Citation may be waived by all of the parties to the proceedings with the exception of the juvenile. Section 53.06(e) states in clear and unambiguous terms that "[a] party, other than the child, may waive service of summons by written stipulation or by voluntary appearance at the hearing." [Emphasis added]. This language reflects the common law rule that a minor is without legal capacity under the law to waive service of summons, Sprague v. Haines, 68 Tex. 215, 4 S.W. 371 (1887); DeProy v. Prograkis, 269 S.W. 78 (Tex.Comm'n App. 1925, holding approved); Morris v. Drescher, 123 S.W.2d 959 (Tex.Civ.App.Waco 1938, writ ref'd); nor can anyone waive it for him. Wright v. Jones, 52 S.W.2d 247 (Tex.Comm'n App.1932, holding approved); Casanova v. State, 489 S.W.2d 727 (San Antonio 1972), rev'd per curiam, 494 S.W.2d 812 (Tex.1973). We hold that a juvenile must be served with summons and that it must affirmatively appear of record.
In the instant case, the court of civil appeals held that service of summons was waived because the juvenile voluntarily appeared, was found to be mature and intelligent enough to waive any statutory rights given to him, and failed to object to the lack of summons. Such a holding constitutes error in view of our interpretation of section 53.06(e) that a juvenile cannot waive service of summons. In the absence of a summons to the juvenile, the juvenile court did not acquire jurisdiction to consider discretionary transfer.
Pursuant to Rule 483 of the Texas Rules of Civil Procedure, we grant the writ of error and, without hearing oral argument, reverse the judgments of the juvenile court and the court of civil appeals. The cause is remanded to the juvenile court for further proceedings consistent with this opinion.
NOTES
[1] Tex.Family Code Ann. 53.06 (1975) provides:

"(a) The juvenile court shall direct issuance of a summons to:
(1) the child named in the petition;
(2) the child's parent, guardian, or custodian;
(3) the child's guardian ad litem; and
(4) any other person who appears to the court to be a proper or necessary party to the proceeding.
"(b) The summons must require the persons served to appear before the court at the time set to answer the allegations of the petition. A copy of the petition must accompany the summons.
"(c) The court may endorse on the summons an order directing the parent, guardian, or custodian of the child to appear personally at the hearing and directing the person having the physical custody or control of the child to bring the child to the hearing. A person who violates an order entered under this subsection may be proceeded against under Section 54.07 of this code.
"(d) If it appears from an affidavit filed or from sworn testimony before the court that immediate detention of the child is warranted under Section 53.02(b) of this code, the court may endorse on the summons an order that a law-enforcement officer shall serve the summons and shall immediately take the child into custody and bring him before the court.
"(e) A party, other than the child, may waive service of summons by written stipulation or by voluntary appearance at the hearing."