IN RE RDB

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-121-CV

IN THE MATTER OF R.D.B. 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

The trial court adjudicated appellant as having engaged in delinquent conduct by committing the felony offense of burglary of a habitation and committed appellant to the Texas Youth Commission for an indeterminate period of time.  In one point on appeal, appellant asserts that he received ineffective assistance of counsel because his trial attorney did not challenge the information contained in reports reviewed by the trial court judge before the commitment hearing.  We affirm.

Thirteen-year-old appellant was living in a foster home on October 26, 2001, when he and two other juveniles burglarized the next door neighbor’s home.  On October 31, the State filed a petition alleging that appellant had engaged in delinquent conduct by entering a habitation without the effective consent of the owner with the intent to commit theft and by committing theft. The trial court held an adjudication and disposition hearing on November 8.

At the adjudication and disposition hearing, appellant signed a stipulation of evidence and waiver of jury trial and admitted the truth of the allegations in the State’s petition.  The trial court observed that this was appellant’s third offense in three months and the fifth time appellant had been referred to the juvenile court.  Appellant was first referred for running away from his foster home in September 2000.  He was referred in June 2001 for an assault, but the case was dismissed.  In July 2001, he was adjudicated on another assault and placed on one year’s probation.  In August 2001, he was adjudicated for criminal trespass and received a second, concurrent probation.  Appellant also failed to identify himself to a police officer when the officer tried to serve a directive on him.  The trial court adjudicated appellant delinquent and recessed the disposition hearing for ninety days.  The court ordered appellant to a therapeutic foster home and further ordered him to commit no further crimes, attend school, and follow the rules of the foster home.  The trial court warned appellant that failure to comply with these conditions would result in his commitment to the Texas Youth Commission.

The trial court reconvened the disposition hearing on January 16, 2002 and considered reports detailing appellant’s conduct since the prior hearing.  According to those reports, appellant had run away from the therapeutic foster home on December 25, had been suspended from school once and had skipped school twice, and had come home from school wearing $400 worth of new clothes and shoes.  The State questioned the foster parent from the therapeutic foster home concerning the incidents detailed in the reports, and the parent confirmed the information in the reports.  Appellant’s attorney did not challenge the reports in any way.  The foster parent at the therapeutic foster home also testified that he was willing to allow appellant to remain in the home and that the school had offered to create a special disciplinary plan for appellant.  A representative from Child Protective Services testified that the agency preferred that appellant remain in the therapeutic foster home.  The trial court committed appellant to the custody of the Texas Youth Commission for an indeterminate period not to exceed his twenty-first birthday.

In his sole point on appeal, appellant asserts that he was denied the effective assistance of counsel because his attorney did not challenge by objection, examination, or cross-examination the information contained in the progress reports that were considered by the trial court at the continued disposition hearing.  

Joining our sister courts of appeals, we hold that a juvenile is entitled to effective assistance of counsel.  
In re K.J.O., 
27 S.W.3d 340, 342 (Tex. App.—Dallas 2000, pet. denied); 
In re R.D.B., 
20 S.W.3d 255, 258 (Tex. App.—Texarkana 2000, no pet.); 
In re M.S., 
940 S.W.2d 789, 791 (Tex. App.—Austin 1997, no writ); 
R.X.F. v. State, 
921 S.W.2d 888, 902 (Tex. App.—Waco 1996, no writ); 
M.B. v. State, 
905 S.W.2d 344, 346 (Tex. App.—El Paso 1995, no writ); 
In re M.R.R., 
903 S.W.2d 49, 51-52 (Tex. App.—San Antonio 1995, no writ)
.  We also hold that the effectiveness of counsel’s representation in a juvenile proceeding is to be reviewed under the familiar two-prong 
Strickland v. Washington
 standard.  466 U.S. 668, 687-88, 104 S. Ct. 2052, 2063; 
In re K.J.O., 
27 S.W.3d at 342
; In re R.D.B., 
20 S.W.3d at 258.  
First, 
appellant must show that 
his 
counsel's performance was deficient; second, appellant must show that the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson v. State
, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). 

In his brief, appellant acknowledges that the family code authorizes the juvenile court to consider written reports from professional consultants.  
Tex. Fam. Code Ann. 
§ 54.04(b) (Vernon 2002).  Thus, his complaint is not that the trial court reviewed the reports, but that his attorney did not dispute the information contained in them.  He points to nothing in the record, however, that indicates the information was false or inaccurate.  Nor is there anything in the record explaining appellant’s counsel’s reason for not challenging the information in the reports.  When the record is silent on the motivations underlying counsel’s tactical decision, the appellant usually cannot overcome the strong presumption that counsel’s conduct was reasonable. 
Mallett v. State, 
65 S.W.3d 59, 63 (Tex. Crim. App. 2001); 
Thompson, 
9 S.W.3d at 813.

We conclude that appellant failed to meet his burden of proof to show that his attorney rendered ineffective assistance of counsel because there is nothing in the record demonstrating that counsel’s failure to challenge the information contained in the reports was unreasonable or that the result of the commitment proceeding would have been different had appellant’s counsel disputed the information.  
Strickland, 
466 U.S. at 688-89, 694, 104 S. Ct. at 2065, 2068.  Accordingly, we overrule appellant’s point on appeal and affirm the trial court’s commitment order.
 

PER CURIAM

PANEL F: GARDNER, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED: March 27, 2003