COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-405-CV

NO. 2-07-041-CV

 

IN THE MATTER OF 

M.C.M., JR.

 

 

                                              ------------

 

           FROM
THE 323RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant M.C.M., Jr. was
adjudicated delinquent in November 2005 for theft and placed on six months= probation in February 2006.  In
June 2006, he was again charged with engaging in delinquent conduct by
committing theft, and the State filed a motion to modify his disposition in the
original case.  After a hearing, the
trial court adjudicated Appellant delinquent on the new charge.  After another hearing on both modifying the
disposition on the earlier charge and on determining the disposition of the new
charge, the associate judge ordered Appellant committed to the Texas Youth
Commission (TYC) for Aan
indeterminate period of time not to exceed the time when he shall be 21
years of age or until duly discharged.@[2]  Appellant filed a timely
notice of appeal in both cases.








Appellant=s court-appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  In the brief,
counsel avers that, in his professional opinion, these appeals are frivolous.[3]  Counsel=s brief and motion
meet the requirements of Anders v. California[4]
by presenting a professional evaluation of the records demonstrating why there
are no reversible grounds on appeal and referencing any grounds that might
arguably support the appeals.[5]  This court
provided Appellant and his father the opportunity to file a pro se brief in
each case, but they have not done so. 
The State also did not file a brief in either case.

In our duties as a reviewing court, we must conduct an
independent evaluation of the records to determine whether counsel is correct
in determining that the appeals are frivolous.[6]  Only then may we grant counsel=s motion to
withdraw.[7]








          Our
review of the records reveals no jurisdictional defects.  The juvenile court has jurisdiction over a
child who is alleged to have engaged in delinquent conduct.[8]  Appellant and his trial counsel stipulated
that Appellant=s birthday is June 11, 1990 and that he
was sixteen years old at the time of trial.[9]
Appellant and his trial counsel also stipulated that he resides in Tarrant
County.            Our
review of the records also shows that the petition to adjudicate and motion to
modify disposition are not defective and that both provided sufficient notice
to Appellant.[10]  Service in this case was also proper.[11]

Appellant=s parents attended
the proceedings.[12]  Appellant was represented by counsel at all
stages of the proceedings, including these appeals.[13]  Additionally, Appellant=s waivers of his rights
comport with section 51.09 of the family code.[14]









The evidence is legally and factually sufficient to support
adjudication in cause no. 02-07-00041-CV.[15]  Further, there appears to be no basis for
contending that the trial court abused its discretion in committing Appellant
to TYC in either case.[16]
 Finally,
no evidence in the records shows that Appellant received ineffective assistance
of counsel.[17]


Because our independent review of the records reveals no
reversible error, we agree with counsel=s professional
determination that any appeal of these cases would be frivolous.  Accordingly, we grant counsel=s motion to
withdraw in each case and affirm the trial court=s judgments.

 

 

PER CURIAM

PANEL F: 
DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: 
January 31, 2008











[1]See Tex. R. App. P. 47.4.





[2]Juveniles
can no longer be committed to TYC if they have not committed a felony.  See Tex.
Fam. Code Ann. ' 54.04(d)(2)
& historical notes (Vernon Supp. 2007). [Act effective June 8, 2007, 80th
Leg., R.S., ch. 263, '' 7,
64(1), 2007 Tex. Gen. Laws 421, 426, 455]. 
A person like Appellant, who was committed to TYC under the former
statute on the basis of conduct constituting the commission of a misdemeanor,
must be discharged from the custody of TYC not later than his nineteenth
birthday.  Id. '
54.04 historical notes. [Act effective June 8, 2007, 80th Leg., R.S., ch. 263, ' 65,
2007 Tex. Gen. Laws 421, 455].





[3]See In re D.A.S., 
973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding) (holding that Anders
procedures apply to juvenile appeals).  





[4]386 U.S. 738, 87 S. Ct. 1396
(1967).





[5]See Mays v. State, 904 S.W.2d 920, 922B23 (Tex. App.CFort Worth 1995, no pet.).





[6]See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991); Mays, 904 S.W.2d at 923.





[7]See
Penson v. Ohio, 488 U.S. 75, 83B84,
109 S. Ct. 346, 351B52
(1988).





[8]See Tex. Fam.
Code Ann. ' 51.04(a) (Vernon 2002). 





[9]See id. ' 51.02(2)(A) (stating a Achild@ is a person who is ten years of
age or older but under seventeen years of age).





[10]See id. '' 53.04(d) (setting forth
requirements of petition for adjudication), 54.05(d) (requiring reasonable
notice of disposition hearing to all parties); In re A.B., 868 S.W.2d
938, 940B41 (Tex. App.CFort Worth 1994, no writ)
(discussing notice requirements for petition to adjudicate).





[11]See Tex.
Fam. Code Ann. ' 53.06(a)(1) (Vernon 2002)
(requiring that child be served with summons); In re D.W.M., 562 S.W.2d
851, 852B53 (Tex. 1978) (requiring that
child must be served with summons and that summons must affirmatively appear in
record).





[12]See Tex.
Fam. Code Ann. ' 51.115(a) (Vernon 2002).





[13]See id. ' 51.10 (Vernon Supp. 2007). 





[14]See id. ' 51.09 (Vernon 2002).





[15]See In re J.D.P., 85 S.W.3d
420, 422 (Tex. App.CFort Worth 2002, no pet.)
(providing legal sufficiency standard); In re B.P.H., 83 S.W.3d 400, 407
(Tex. App.CFort Worth 2002, no pet.) (providing
factual sufficiency standard).





[16]See In re
J.P., 136 S.W.3d 629, 632 (Tex. 2004) (concerning modifying disposition); In
re C.J.H., 79 S.W.3d 698, 702 (Tex. App.CFort Worth 2002, no pet.)
(concerning original disposition).





[17]See Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); D.A.S.,
973 S.W.2d at 297.