COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-405-CV

NO. 2-07-041-CV

IN THE MATTER OF 

M.C.M., JR.

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant M.C.M., Jr. was adjudicated delinquent in November 2005 for theft and placed on six months’ probation in February 2006.  In June 2006, he was again charged with engaging in delinquent conduct by committing theft, and the State filed a motion to modify his disposition in the original case.  After a hearing, the trial court adjudicated Appellant delinquent on the new charge.  After another hearing on both modifying the disposition on the earlier charge and on determining the disposition of the new charge, the associate judge ordered Appellant committed to the Texas Youth Commission (TYC) for “an indeterminate period of time not to exceed the time when 
he
 shall be 21 years of age or until duly discharged.”
(footnote: 2)  Appellant filed a timely notice of appeal in both cases.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  
In the brief, counsel avers that, in his professional opinion, these appeals are frivolous.
(footnote: 3)  
Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 4) by presenting a professional evaluation of the records demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeals.
(footnote: 5) 
 
This court provided Appellant and his father the opportunity to file a pro se brief in each case, but they have not done so.  The State also did not file a brief in either case.

In our duties as a reviewing court, we must conduct an independent evaluation of the records to determine whether counsel is correct in determining that the appeals are frivolous.
(footnote: 6) 
 Only then may we grant counsel’s motion to withdraw.
(footnote: 7)
 
 
Our review of the records reveals no jurisdictional defects.  The juvenile court has jurisdiction over a child who is alleged to have engaged in delinquent conduct.
(footnote: 8) 
 Appellant and his trial counsel stipulated that Appellant’s birthday is June 11, 1990 and that he was sixteen years old at the time of trial.
(footnote: 9) 
Appellant and his trial counsel also stipulated that he resides in Tarrant County.   Our review of the records also shows that the petition to adjudicate and motion to modify disposition are not defective and that both provided sufficient notice to Appellant.
(footnote: 10)  
Service in this case was also proper.
(footnote: 11)
 Appellant’s parents attended the proceedings.
(footnote: 12)  Appellant was represented by counsel at all stages of the proceedings, including these appeals.
(footnote: 13)  Additionally, Appellant’s waivers of his rights comport with section 51.09 of the family code.
(footnote: 14) 

The evidence is legally and factually sufficient to support adjudication in cause no. 02-07-00041-CV.
(footnote: 15) 
 Further, there appears to be no basis for contending that the trial court abused its discretion in committing Appellant to TYC in either case.
(footnote: 16) 
 Finally, no evidence in the records shows that Appellant received ineffective assistance of counsel.
(footnote: 17) 

Because our independent review of the records reveals no reversible error, we agree with counsel’s professional determination that any appeal of these cases would be frivolous.  Accordingly, we grant counsel’s motion to withdraw in each case and 
affirm the trial court’s judgments.

PER CURIAM

PANEL F:  DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED:  January 31, 2008

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Juveniles can no longer be committed to TYC if they have not committed a felony.  
See
 
Tex. Fam. Code Ann.
 § 54.04(d)(2) & historical notes (Vernon Supp. 2007). [Act effective June 8, 2007, 80th Leg., R.S., ch. 263, §§ 7, 64(1), 2007 Tex. Gen. Laws 421, 426, 455].  A person like Appellant, who was committed to TYC under the former statute on the basis of conduct constituting the commission of a misdemeanor, must be discharged from the custody of TYC not later than his nineteenth birthday.  
Id.
 § 54.04 historical notes. [Act effective June 8, 2007, 80th Leg., R.S., ch. 263, § 65, 2007 Tex. Gen. Laws 421, 455].

3:
See In re D.A.S.
,  973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding) (holding that 
Anders
 procedures apply to juvenile appeals).  

4:
386 U.S. 738, 87 S. Ct. 1396 (1967).

5:
See Mays v. State
, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

6:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.

7:
See Penson v. Ohio
, 488 U.S. 75, 83–84, 109 S. Ct. 346, 351–52 (1988).

8:
See
 Tex. Fam. Code Ann.
 § 51.04(a) (Vernon 2002). 

9:
See id.
 § 51.02(2)(A) (stating a “child” is a person who is ten years of age or older but under seventeen years of age).

10:
See
 
id.
 §§ 53.04(d) (setting forth requirements of petition for adjudication), 54.05(d) (requiring reasonable notice of disposition hearing to all parties)
; 
In re A.B.
, 868 S.W.2d 938, 940–41 (Tex. App.—Fort Worth 1994, no writ) (discussing notice requirements for petition to adjudicate).

11:
See
 
Tex. Fam. Code Ann.
 § 53.06(a)(1) (Vernon 2002) (requiring that child be served with summons); 
In re D.W.M.
, 562 S.W.2d 851, 852–53 (Tex. 1978) (requiring that child must be served with summons and that summons must affirmatively appear in record).

12:
See
 
Tex. Fam. Code Ann.
 § 51.115(a) (Vernon 2002).

13:
See id.
 § 51.10 (Vernon Supp. 2007). 

14:
See
 
id.
 § 51.09 (Vernon 2002).

15:
See
 
In re J.D.P.
, 85 S.W.3d 420, 422 (Tex. App.—Fort Worth 2002, no pet.) (providing legal sufficiency standard); 
In re B.P.H.
, 83 S.W.3d 400, 407 (Tex. App.—Fort Worth 2002, no pet.) (providing factual sufficiency standard).

16:
See 
In re J.P.
, 136 S.W.3d 629, 632 (Tex. 2004) (concerning modifying disposition); 
In re C.J.H.
, 79 S.W.3d 698, 702 (Tex. App.—Fort Worth 2002, no pet.) (concerning original disposition).

17:
See
 
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
D.A.S.
, 973 S.W.2d at 297.