COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO.
2-07-389-CV

 

 

IN THE MATTER OF K.M.                                                                       

 

                                                  ------------

 

             FROM THE 323RD
DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------

Appellant K.M. was adjudicated delinquent on
October 1, 2007 for misdemeanor assault-bodily injury.  He appealed from this judgment of
delinquency.  According to Appellant=s brief,
Appellant=s disposition was deferred until
December 2007, when he was placed on probation for one year.  Appellant has not appealed from the
disposition order, and neither the disposition order nor a record of the final
disposition proceedings, if any, appears in the record on appeal.








Appellant=s court-appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  In the brief,
counsel avers that, in his professional opinion, this appeal is frivolous.[2]  Counsel=s brief and motion
meet the requirements of Anders v. California[3]
by presenting a professional evaluation of the record demonstrating why there
are no reversible grounds on appeal and referencing any grounds that might
arguably support the appeal.[4]  This court provided Appellant
and his mother the opportunity to file a pro se brief, but they have not done
so.  The State also did not file a brief.          In our duties as a reviewing court, we
must conduct an independent evaluation of the record to determine whether
counsel is correct in determining that the appeal is frivolous.[5]  Only then may we grant counsel=s motion to
withdraw.[6]








Our review of the record reveals no jurisdictional
defects.  The juvenile court has
jurisdiction over a child who is alleged to have engaged in delinquent conduct.[7]  Appellant and his trial counsel stipulated
that Appellant was fifteen years old at the time of trial.[8]  Appellant and his trial counsel also
stipulated that he resides in Tarrant County.

Our review of the record also shows that the petition to
adjudicate is not defective and that it provided sufficient notice to
Appellant.[9]  Service in this case was also proper.[10]








Appellant=s mother attended
the hearing.[11]  Appellant was represented by counsel from the
date of the detention hearing through the date of the judgment of delinquency
and also has counsel on appeal.[12]  Additionally, Appellant=s waivers of his
rights comport with section 51.09 of the family code.[13]

The evidence is legally and factually sufficient to support
adjudication.[14]
 Further, based on the record,
Appellant would be unable to prove by a preponderance of the evidence that but
for his trial counsel=s errors, the result of the
trial would have been different.[15]

Because our independent review of the record
reveals no reversible error, we agree with counsel=s
professional determination that an appeal challenging adjudication would be
frivolous.  Accordingly, we grant counsel=s motion
to withdraw in this case and affirm the trial court=s
judgment of delinquency.

PER CURIAM

PANEL:  DAUPHINOT, J; CAYCE,
C.J.; and MCCOY, J.

DELIVERED:  October 2, 2008











[1]See Tex. R. App. P. 47.4.





[2]See In re D.A.S., 
973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding) (holding that Anders
procedures apply to juvenile appeals).





[3]386 U.S. 738, 87 S. Ct. 1396
(1967).





[4]See Mays v. State, 904 S.W.2d 920, 922B23 (Tex. App.CFort Worth 1995, no pet.).





[5]See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991); Mays, 904 S.W.2d at 923.





[6]See Penson v. Ohio, 488 U.S. 75, 83B84, 109 S. Ct. 346, 351B52 (1988).





[7]See Tex. Fam. Code Ann. ' 51.04(a) (Vernon 2002).





[8]See id. ' 51.02(2)(A) (stating a Achild@ is a person who is ten years of
age or older but under seventeen years of age).





[9]See id. ' 53.04(d) (setting forth
requirements of petition to adjudicate); In re A.B., 868 S.W.2d 938, 940B41 (Tex. App.CFort Worth 1994, no writ)
(discussing notice requirements for petition to adjudicate).





[10]See Tex. Fam. Code Ann. ' 53.06(a)(1) (Vernon 2002)
(requiring that child be served with summons); In re D.W.M., 562 S.W.2d
851, 852B53 (Tex. 1978) (requiring that
child be served with summons and that summons affirmatively appear in record).





[11]See Tex. Fam. Code Ann. ' 51.115(a) (Vernon 2002).





[12]See id. ' 51.10 (Vernon Supp. 2008).





[13]See id. ' 51.09 (Vernon 2002).





[14]See In re J.D.P., 85 S.W.3d
420, 422 (Tex. App.CFort Worth 2002, no pet.)
(providing legal sufficiency standard); In re B.P.H., 83 S.W.3d 400, 407
(Tex. App.CFort Worth 2002, no pet.)
(providing factual sufficiency standard).





[15]See Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); In re
R.D.B., 102 S.W.3d 798, 800 (Tex. App.CFort Worth 2003, no pet.).