

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-389-CV

IN THE MATTER OF K.M.

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant K.M. was adjudicated delinquent on October 1, 2007 for misdemeanor assault-bodily injury. He appealed from this judgment of delinquency. According to Appellant's brief, Appellant's disposition was deferred until December 2007, when he was placed on probation for one year. Appellant has not appealed from the disposition order, and neither the disposition order nor a record of the final disposition proceedings, if any, appears in the record on appeal.

---

[1] *See* Tex. R. App. P. 47.4.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.[2] Counsel's brief and motion meet the requirements of *Anders v. California*[3] by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.[4] This court provided Appellant and his mother the opportunity to file a pro se brief, but they have not done so. The State also did not file a brief.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.[5] Only then may we grant counsel's motion to withdraw.[6]

---

[2] *See In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding) (holding that *Anders* procedures apply to juvenile appeals).

[3] 386 U.S. 738, 87 S. Ct. 1396 (1967).

[4] *See Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

[5] *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923.

[6] *See Penson v. Ohio*, 488 U.S. 75, 83–84, 109 S. Ct. 346, 351–52 (1988).

Our review of the record reveals no jurisdictional defects. The juvenile court has jurisdiction over a child who is alleged to have engaged in delinquent conduct.[7] Appellant and his trial counsel stipulated that Appellant was fifteen years old at the time of trial.[8] Appellant and his trial counsel also stipulated that he resides in Tarrant County.

Our review of the record also shows that the petition to adjudicate is not defective and that it provided sufficient notice to Appellant.[9] Service in this case was also proper.[10]

Appellant's mother attended the hearing.[11] Appellant was represented by counsel from the date of the detention hearing through the date of the judgment of delinquency and also has counsel on appeal.[12] Additionally,

---

[7] *See* Tex. Fam. Code Ann. § 51.04(a) (Vernon 2002).

[8] *See id.* § 51.02(2)(A) (stating a "child" is a person who is ten years of age or older but under seventeen years of age).

[9] *See id.* § 53.04(d) (setting forth requirements of petition to adjudicate); *In re A.B.*, 868 S.W.2d 938, 940–41 (Tex. App.—Fort Worth 1994, no writ) (discussing notice requirements for petition to adjudicate).

[10] *See* Tex. Fam. Code Ann. § 53.06(a)(1) (Vernon 2002) (requiring that child be served with summons); *In re D.W.M.*, 562 S.W.2d 851, 852–53 (Tex. 1978) (requiring that child be served with summons and that summons affirmatively appear in record).

[11] *See* Tex. Fam. Code Ann. § 51.115(a) (Vernon 2002).

[12] *See id.* § 51.10 (Vernon Supp. 2008).

3

Appellant's waivers of his rights comport with section 51.09 of the family code.[13]

The evidence is legally and factually sufficient to support adjudication.[14] Further, based on the record, Appellant would be unable to prove by a preponderance of the evidence that but for his trial counsel's errors, the result of the trial would have been different.[15]

Because our independent review of the record reveals no reversible error, we agree with counsel's professional determination that an appeal challenging adjudication would be frivolous. Accordingly, we grant counsel's motion to withdraw in this case and affirm the trial court's judgment of delinquency.

PER CURIAM

PANEL: DAUPHINOT, J; CAYCE, C.J.; and MCCOY, J.

DELIVERED: October 2, 2008

---

[13] *See id.* § 51.09 (Vernon 2002).

[14] *See In re J.D.P.*, 85 S.W.3d 420, 422 (Tex. App.—Fort Worth 2002, no pet.) (providing legal sufficiency standard); *In re B.P.H.*, 83 S.W.3d 400, 407 (Tex. App.—Fort Worth 2002, no pet.) (providing factual sufficiency standard).

[15] *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *In re R.D.B.*, 102 S.W.3d 798, 800 (Tex. App.—Fort Worth 2003, no pet.).