COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-150-CV

 

 

IN THE MATTER OF K.C.

 

                                              ------------

 

           FROM
THE 323RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant
K.C. was adjudicated delinquent in February 2009 for unauthorized use of a
motor vehicle, a state jail felony,[2]
and failure to identify himself to law enforcement, a misdemeanor.[3]  According to the record, he was already on
juvenile probation when he committed this additional delinquent conduct.  After adjudicating Appellant delinquent, the
trial court again placed him on probation for a term of one year.  In April 2009, the State filed a motion to
modify this disposition, contending that Appellant had violated his conditions
of probation.  Appellant stipulated that
he had violated some of the conditions of probation.  After a hearing, the trial court ordered
Appellant committed to the Texas Youth Commission (TYC).  Appellant filed a timely notice of appeal.

Appellant=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in his professional opinion, this appeal is
frivolous.[4]  Counsel=s brief
and motion meet the requirements of Anders v. California[5]
by presenting a professional evaluation of the record demonstrating why there
are no reversible grounds on appeal and referencing any grounds that might
arguably support the appeal.[6]  This court provided Appellant and his mother
the opportunity to file a pro se brief, but they have not done so.  The State also did not file a brief.








In our
duties as a reviewing court, we must conduct an independent evaluation of the
record to determine whether counsel is correct in determining that the appeal
is frivolous.[7]  Only then may we grant counsel=s motion
to withdraw.[8]

Our
review of the record reveals no jurisdictional defects.  The juvenilecourt has jurisdiction over a
child who is alleged to have engaged in delinquent conduct.[9]  Appellant and his trial counsel stipulated
that Appellant=s birthday is October 15, 1992,
and that he was sixteen years old at the time of trial.[10]
Appellant and his trial counsel also stipulated that Appellant resides in
Tarrant County with his mother.

Our
review of the record also shows that the motion to modify disposition is not
defective and provided sufficient notice to Appellant.[11]  Service in this case was also proper.[12]








Appellant=s
grandmother, with whom he also resides, attended the proceedings.[13]  Appellant was represented by counsel at all
stages of the proceedings, including this appeal.[14]  Additionally, Appellant=s
waivers of his rights comport with section 51.09 of the family code.[15]

Our
review of the record reveals no basis for contending that the trial court
abused its discretion in committing Appellant to TYC.[16]  Finally, no evidence in the record shows that
Appellant received ineffective assistance of counsel.[17]

Because
our independent review of the record reveals no reversible error, we agree with
counsel=s
professional determination that any appeal of this case would be
frivolous.  Accordingly, we grant counsel=s motion
to withdraw and affirm the trial court=s
judgment.

PER CURIAM

 

PANEL:  DAUPHINOT, MCCOY, and
MEIER, JJ.

 

DELIVERED:  January 28, 2010











[1]See Tex. R. App. P. 47.4.





[2]Tex. Penal Code Ann. ' 31.07 (Vernon
2003).





[3]Id. ' 38.02 (Vernon Supp.
2009).





[4]See In re D.A.S., 973 S.W.2d 296, 297 (Tex. 1998)
(orig. proceeding) (holding that Anders procedures apply to juvenile
appeals).  





[5]386 U.S. 738, 87 S. Ct. 1396
(1967).





[6]See Mays v. State, 904 S.W.2d 920, 922B23 (Tex. App.CFort Worth 1995, no pet.).





[7]See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991); Mays, 904 S.W.2d at 923.





[8]See Penson v. Ohio, 488 U.S. 75, 82B83, 109 S. Ct. 346, 351
(1988).





[9]See Tex. Fam. Code Ann. ' 51.04(a) (Vernon 2008). 





[10]See id. ' 51.02(2)(A) (Vernon Supp.
2009) (stating a Achild@ is a person who is ten years of
age or older but under seventeen years of age).





[11]See id. ' 54.05(d) (Vernon 2008)
(requiring reasonable notice of disposition hearing to all parties).





[12]See id. ' 53.06(a)(1) (requiring that
child be served with summons); In re D.W.M., 562 S.W.2d 851, 852B53 (Tex. 1978) (requiring that
child must be served with summons and that summons must affirmatively appear in
record).





[13]See Tex. Fam. Code Ann. ' 51.115(a) (Vernon 2008).





[14]See id. ' 51.10 (Vernon Supp. 2009). 





[15]See id. ' 51.09 (Vernon 2008).





[16]See id. ' 54.05; In re J.P., 136 S.W.3d 629,
632 (Tex. 2004).





[17]See Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); D.A.S.,
973 S.W.2d at 297.