

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-150-CV

IN THE MATTER OF K.C.

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant K.C. was adjudicated delinquent in February 2009 for unauthorized use of a motor vehicle, a state jail felony,[2] and failure to identify himself to law enforcement, a misdemeanor.[3] According to the record, he was already on juvenile probation when he committed this additional delinquent conduct. After adjudicating Appellant delinquent, the trial court again placed him on probation for a term of one year. In April 2009, the State filed a motion

---

[1] *See* Tex. R. App. P. 47.4.

[2] Tex. Penal Code Ann. § 31.07 (Vernon 2003).

[3] *Id.* § 38.02 (Vernon Supp. 2009).

to modify this disposition, contending that Appellant had violated his conditions of probation. Appellant stipulated that he had violated some of the conditions of probation. After a hearing, the trial court ordered Appellant committed to the Texas Youth Commission (TYC). Appellant filed a timely notice of appeal.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.[4] Counsel's brief and motion meet the requirements of *Anders v. California*[5] by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.[6] This court provided Appellant and his mother the opportunity to file a pro se brief, but they have not done so. The State also did not file a brief.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining

---

[4] *See In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding) (holding that *Anders* procedures apply to juvenile appeals).

[5] 386 U.S. 738, 87 S. Ct. 1396 (1967).

[6] *See Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

that the appeal is frivolous.[7] Only then may we grant counsel's motion to withdraw.[8]

Our review of the record reveals no jurisdictional defects. The juvenilecourt has jurisdiction over a child who is alleged to have engaged in delinquent conduct.[9] Appellant and his trial counsel stipulated that Appellant's birthday is October 15, 1992, and that he was sixteen years old at the time of trial.[10] Appellant and his trial counsel also stipulated that Appellant resides in Tarrant County with his mother.

Our review of the record also shows that the motion to modify disposition is not defective and provided sufficient notice to Appellant.[11] Service in this case was also proper.[12]

---

[7] _See Stafford v. State_, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); _Mays_, 904 S.W.2d at 923.

[8] _See Penson v. Ohio_, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[9] _See_ Tex. Fam. Code Ann. § 51.04(a) (Vernon 2008).

[10] _See id._ § 51.02(2)(A) (Vernon Supp. 2009) (stating a "child" is a person who is ten years of age or older but under seventeen years of age).

[11] _See id._ § 54.05(d) (Vernon 2008) (requiring reasonable notice of disposition hearing to all parties).

[12] _See id._ § 53.06(a)(1) (requiring that child be served with summons); _In re D.W.M._, 562 S.W.2d 851, 852–53 (Tex. 1978) (requiring that child must be served with summons and that summons must affirmatively appear in record).

3

Appellant's grandmother, with whom he also resides, attended the proceedings.[13] Appellant was represented by counsel at all stages of the proceedings, including this appeal.[14] Additionally, Appellant's waivers of his rights comport with section 51.09 of the family code.[15]

Our review of the record reveals no basis for contending that the trial court abused its discretion in committing Appellant to TYC.[16] Finally, no evidence in the record shows that Appellant received ineffective assistance of counsel.[17]

Because our independent review of the record reveals no reversible error, we agree with counsel's professional determination that any appeal of this case would be frivolous. Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: DAUPHINOT, MCCOY, and MEIER, JJ.

DELIVERED: January 28, 2010

---

[13] *See* Tex. Fam. Code Ann. § 51.115(a) (Vernon 2008).

[14] *See id.* § 51.10 (Vernon Supp. 2009).

[15] *See id.* § 51.09 (Vernon 2008).

[16] *See id.* § 54.05; *In re J.P.*, 136 S.W.3d 629, 632 (Tex. 2004).

[17] *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *D.A.S.*, 973 S.W.2d at 297.