# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

**NO. 03-09-00483-CV**

---

**In the Matter of D. A. O.**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. J-28,882, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

D.A.O. appeals an order modifying disposition and committing him to the Texas Youth Commission. He contends that the juvenile court's original disposition order was void and that this renders the modified order void as well. He also contends that he received ineffective assistance of counsel. We overrule these contentions and affirm.

D.A.O. was born on November 18, 1994. The State's first amended petition alleged that on or about November 25, 2007, when he was thirteen years old, D.A.O. engaged in delinquent conduct by committing two acts of aggravated sexual assault of a child and one act of indecency with a child by contact. The petition sought a determinate sentence and was approved by the grand jury. *See* Tex. Fam. Code Ann. § 53.045(a)(5), (12) (West 2008).

On February 26, 2008, D.A.O. pleaded guilty to the alleged indecency with a child. In exchange, the State waived the aggravated sexual assault allegations and determinate sentencing. The parties agreed that D.A.O. would be placed on in-home probation until his eighteenth birthday.

In addition to the usual probationary conditions, it was agreed that D.A.O. would have no contact with the victim and would enroll in and complete sex offender treatment. Although the record before us does not include the February 26 adjudication and disposition hearings, the juvenile court's printed docket notes reflect that the court accepted the agreement, adjudicated D.A.O. delinquent, and placed him on in-home probation "until 18th birthday & NO contact w/victim. Complete sex offender treatment." *See id*. § 54.04(d)(1)(A) (West Supp. 2009). The juvenile court's written dispositional order of probation, signed on February 29, 2008, conformed to the court's announced disposition except that it stated that the probation was to expire on November 18, 2013, which will be D.A.O.'s nineteenth birthday. This error apparently went unnoticed, as there was no objection, appeal, or motion to amend.

On April 6, 2009, the State filed its second amended motion to modify disposition alleging that D.A.O. had violated the terms and conditions of his probation by being discharged from his sex offender counseling for nonparticipation, exposing himself to a "video relay operator," and failing to attend school. *See id*. § 54.05(d) (West 2008). The State later agreed to waive the latter two allegations in exchange for D.A.O.'s admission that he violated his probation by not completing counseling. At a hearing on May 19, 2009, at which the error in the written disposition order went unmentioned, the juvenile court found that D.A.O. had violated the terms of his probation and modified its disposition to commit him to the TYC for an indeterminate period. *See id*. § 54.05(f). The court signed its written order to that effect on July 15. It is from this order that D.A.O. appeals.

D.A.O. contends that the juvenile court's original disposition order was void because it exceeded the court's statutory authority. He notes that having accepted the plea bargain, the court

2

was statutorily required to make a disposition in accordance with its terms. *Id*. § 54.03(j) (West Supp. 2009). He also notes that with an exception not pertinent here, juvenile probation may not continue on or after the child's eighteenth birthday. *Id*. § 54.04(l). Appellant overlooks, however, the docket entries from the February 2008 disposition hearing, which reflect that the juvenile court's disposition order was in accord with the plea agreement and the cited statutes. Although the written order stated that D.A.O.'s probation was to continue until November 18, 2013, his nineteenth birthday, this was inconsistent with the court's actual order, which was that the probation would end on his eighteenth birthday. This appears to have been a mathematical error by the person who prepared the written order for the court's signature and could have been corrected nunc pro tunc. *See In re E.D.*, 127 S.W.3d 860, 862 (Tex. App.—Austin 2004, no pet.); *In re M.A.W.*, 55 S.W.3d 101, 103-04 (Tex. App.—Amarillo 2001, no pet.); *see also Forcey v. State*, 265 S.W.3d 921, 925 (Tex. App.—Austin 2008, no pet.) (trial court judgment can be modified to accurately reflect court's intent). In any event, D.A.O.'s probation would have terminated automatically when he reached his eighteenth birthday. *See* Tex. Fam. Code Ann. § 54.05(b) (West 2008). D.A.O.'s contention that the February 2008 disposition order was void is without merit.

D.A.O. argues that even if the original disposition order was not void, the error in the written order nevertheless infected the order modifying disposition. The written order modifying disposition signed July 15, 2009, commits D.A.O. to the custody of the TYC "for an indeterminate period of time, not to exceed the time when the child shall attain 19 years of age or until duly discharged in compliance with provisions of Chapter 61 of the Texas Human Resources Code." We

3

understand D.A.O. to argue that if the original written disposition order had correctly stated that the probation was to end on his true eighteenth birthday in 2012, the subsequent commitment to the TYC could not have extended beyond that date. D.A.O. bases this argument on section 54.05(j), which authorizes the juvenile court to modify disposition of a juvenile placed on probation pursuant to section 54.04(q) to commit the juvenile to the TYC "for a term that does not exceed the original sentence assessed by the court or jury." *Id*. § 54.05(j). D.A.O.'s reliance on section 54.05(j) is misplaced, however, because it applies only to juveniles who are placed on probation after receiving a determinate sentence. *See id*. § 54.04(q) (West Supp. 2009). Neither D.A.O.'s original in-home probation nor the later modification committing him to the TYC was a determinate sentence. The statement in the modification order that D.A.O.'s commitment to the TYC shall "not exceed the time when [he] shall attain 19 years of age" was simply an acknowledgment that a juvenile committed to TYC for an indeterminate period must be discharged on his nineteenth birthday, if not sooner. *See* Tex. Hum. Res. Code Ann. § 61.084(e) (West Supp. 2009).

The juvenile court's original disposition placed D.A.O. on in-house probation until his eighteenth birthday as called for in his plea bargain with the State. The error in the written order regarding the date of D.A.O.'s eighteenth birthday did not render the disposition void, and it does not render void or voidable the order modifying disposition and committing D.A.O. to the TYC. Issue one is overruled.

D.A.O.'s second contention is that his attorney at the modification hearing rendered ineffective assistance. A juvenile is entitled to effective assistance of counsel. *In re F.L.R.*, 293 S.W.3d 278, 280 (Tex. App.—Waco 2009, no pet.); *In re R.D.B.*, 102 S.W.3d 798, 800 (Tex.

4

App.—Fort Worth 2003, no pet.). We review counsel's effectiveness under the two-pronged *Strickland* standard. *R.D.B.*, 102 S.W.3d at 800; *see Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under this standard, an appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. *Strickland*, 466 U.S. at 687; *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999).

D.A.O. identifies three alleged errors by counsel, two of which we have effectively disposed of in overruling his first issue. Appellant contends that counsel erred by failing to object to the eighteenth birthday error in the original disposition order. But as we have explained, this was a clerical error that was irrelevant to the modification proceeding. Appellant also contends that counsel erred by failing to object to the order modifying disposition as violating section 54.05(j). But as we have explained, that subsection does not apply to D.A.O. Finally, appellant complains that his attorney erred during the modification hearing by failing to object to testimony by his probation officer regarding his exposing himself and failing to attend school, violations of probation that the State had agreed to waive. The record reflects, however, that the court based its determination that D.A.O. had violated his probation solely on his admitted failure to complete counseling. The court stated that it was hearing the probation officer's testimony "to determine what the result will be as to whether you just continue probation, I change the terms or place of probation or commit you to the [TYC]." *See In re E.D.*, 127 S.W.3d at 864 (stating that section 54.05 requires two-step modification hearing); *see also* Tex. Fam. Code Ann. § 54.05(m) (West 2008) (factors juvenile court

5

must consider before modifying disposition to commit child to TYC). Because it does not appear that the testimony in question was objectionable, no error by counsel is shown.

D.A.O. has not demonstrated that his counsel at the modification hearing made such serious errors that he was not functioning effectively as counsel. Issue two is overruled.

The order modifying disposition and committing D.A.O. to the Texas Youth Commission is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed: August 19, 2010