**Affirmed and Memorandum Opinion filed January 17, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00129-CV

---

## IN THE MATTER OF Z.Q.

---

**On Appeal from the 315th District Court**
**Harris County**
**Trial Court Cause No. 86707**

---

## M E M O R A N D U M   O P I N I O N

Pro se appellant Z.Q. appeals the trial court's denial of his application for writ of habeas corpus from his adjudication of delinquency and subsequent transfer, upon reaching the age of eighteen, to the Institutional Division of the Texas Department of Criminal Justice (TDCJ). On appeal, Z.Q. raises two issues: (1) the trial court abused its discretion by concluding that Z.Q.'s habeas petition was without merit; and (2) the trial court abused its discretion by refusing to unseal Z.Q.'s trial records. We affirm.

## I

In1994, a jury found that Z.Q. engaged in delinquent conduct by committing the offenses of capital murder, attempted capital murder, two counts of aggravated robbery, and two counts of aggravated assault. At disposition, the jury assessed a determinate sentence of forty years on the special issues of capital murder and attempted capital murder, and placed Z.Q. in the custody of the Texas Youth Commission. In 1997, Z.Q. reached the age of majority and, after a transfer hearing, the trial court ordered Z.Q. transferred to TDCJ to serve the remainder of his forty-year sentence.

In January 2011, Z.Q. filed an application for writ of habeas corpus in the trial court, which he later amended. Z.Q. contended that trial court error and ineffective assistance of counsel denied him the right to appeal his adjudication and transfer, and he requested leave to file an out-of-time appeal. On November 17, 2011, the trial court denied Z.Q.'s application for writ of habeas corpus without a hearing, finding "no merit" to his claims. The trial court did not file findings of fact or conclusions of law.

## II

In his first issue, Z.Q. contends that the trial court abused its discretion by denying his application for habeas relief on the merits. Z.Q. argues that he was denied his right to appeal and his right to counsel on appeal in violation of the Sixth Amendment to the United States Constitution and the Due Process and Equal Protection clauses of the Fourteenth Amendment. Specifically, Z.Q. maintains that his trial counsel "denied and misinformed" him concerning his right to appeal the adjudication of delinquency and his appellate counsel failed to pursue an appeal of the transfer order after timely filing a notice of appeal. In support of his constitutional arguments, Z.Q. cites generally to *Evitts v. Lucey*, 469 U.S. 387

(1985), and *Griffin v. Illinois*, 351 U.S. 12 (1956).

A

Delinquency proceedings for juveniles in Texas are not handled in the criminal system. The Family Code, which governs juvenile delinquency proceedings, requires that they be conducted under the Texas Rules of Civil Procedure, except as to discovery, and under the Texas Rules of Evidence applicable to criminal proceedings. *In re R.J.H.*, 79 S.W.3d 1, 6 (Tex. 2002). Thus, although delinquency proceedings are civil proceedings, they are quasi-criminal in nature. *In re M.P.A.*, 364 S.W.3d 277, 282 n.2 (Tex. 2012); *In re M.A.F.*, 966 S.W.2d 448, 450 (Tex. 1998); *see also* Tex. Fam. Code § 51.17.

A juvenile is entitled to effective assistance of counsel in adjudication proceedings. *See M.P.A.*, 364 S.W.3d at 290; *In re R.D.B.*, 102 S.W.3d 798, 800 (Tex. App.—Fort Worth 2003, no pet.) (per curiam); *see also* Tex. Fam. Code § 56.01. We review the effectiveness of counsel's representation in a juvenile proceeding under the two-prong *Strickland* standard. *M.P.A.*, 364 S.W.3d at 290; *R.D.B.*, 102 S.W.3d at 800. First, the appellant must show that his counsel's performance was deficient; second, he must show the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *M.P.A.*, 364 S.W.3d at 290 (citing *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). In doing so, we strongly presume that counsel's conduct fell within the wide range of reasonable professional assistance. *Thompson*, 9 S.W.3d at 813. Our scrutiny must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight. *Id.* That another attorney, including appellant's counsel on appeal, might have pursued a different course of action does

not necessarily indicate ineffective assistance. *See Hudson v. State*, 128 S.W.3d 367, 380 (Tex. App.—Texarkana 2004, no pet.).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial. *Strickland*, 466 U.S. at 687. In other words, an appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694; *Thompson*, 9 S.W.3d at 812.

B

In support of his claim that he was effectively denied the right to appeal, Z.Q. argues that he "annexed exhibits to the petition validating his claims with evidence." Z.Q. specifically points to one of the exhibits, consisting of documents filed on Z.Q.'s behalf by his appellate counsel, including a notice of appearance, a motion for reconsideration or reduction of sentence, a motion for new trial, and a notice of appeal "from the judgment of conviction and sentence." Z.Q. does not explain how these documents support his claim of ineffective assistance of counsel.[1] Z.Q. also contends there are "facts" in his habeas petition to support his claim. But he fails to specify which "facts" or to explain what makes them relevant.

An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. The presumption of a sound trial strategy cannot be overcome absent evidence in the record of the attorney's reasons for his conduct. *Ex parte Niswanger*, 335 S.W.3d 611, 615 (Tex. Crim. App. 2011). Moreover, it is not appropriate for an appellate court to simply infer ineffective assistance based

---

[1] There are additional exhibits attached to Z.Q.'s habeas petition, but he does not refer to any of them specifically in his brief, much less explain how they support his claim.

upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Z.Q. has presented no evidence from his former attorneys concerning their communications with their client during Z.Q.'s delinquency adjudication and transfer proceeding or the reasons for their actions or inactions relating to those proceedings. On this record, we cannot say that the trial court would have abused its discretion in concluding that Z.Q failed to satisfy the first prong of the *Strickland* test. *See Strickland*, 466 U.S. at 688–89.

In his reply brief, Z.Q. cites *Ex parte Crow* for the proposition that when an attorney's deficient conduct results in the deprivation of an entire judicial proceeding such as an appeal, the required showing of prejudice is more limited. *See* 180 S.W.3d 135, 137–38 (Tex. Crim. App. 2005). The showing of prejudice, however, goes to the second prong of the *Strickland* test. An appellant's failure to make either of the required showings of deficient performance and sufficient prejudice defeats the claim of ineffective assistance. *Thompson*, 9 S.W.3d at 813. Because we have determined that the trial court could have concluded that Z.Q. failed to demonstrate that his counsels' performance was deficient, we need not reach *Strickland*'s prejudice prong. We overrule Z.Q.'s first issue.

## III

In his second issue, Z.Q. contends that the trial court "had the authority and the duty to unseal [Z.Q.'s] records." Z.Q. maintains that he needs the trial records to prove his entitlement to relief. In support, Z.Q. cites Family Code section 58.003(h), which provides that inspection of sealed records may be permitted by an order of the juvenile court on the petition of the person who is the subject of the records. Tex. Fam. Code § 58.003(h). The State contends that, assuming Z.Q.'s claim is cognizable in an application for a writ of habeas corpus, the record

contains no order of the trial court denying Z.Q. access to sealed records and therefore the issue should be overruled.

As a general rule, juvenile appeals proceed under the rules governing civil cases. Tex. Fam. Code § 56.01(b) ("The requirements governing an appeal are as in civil cases generally."); *see also In re M.R.*, 858 S.W.2d 365, 366 (Tex. 1993) (holding that civil procedural rule requiring motion for new trial as a prerequisite to assert certain evidentiary and procedural errors on appeal applies to juvenile delinquency actions); *In re J.C.H.*, 12 S.W.3d 561, 562 (Tex. App.—San Antonio 1999, no pet.) (applying rules of appellate procedure governing civil cases in juvenile case).

As a prerequisite to presenting a complaint for appellate review, Rule 33.1(a) of the Texas Rules of Appellate Procedure requires, among other things, that a complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. Tex. R. App. P. 33.1(a)(1). Further, the record must show that the trial court either ruled on the request, objection, or motion expressly or implicitly, or refused to rule and the complaining party objected to the refusal. *Id.* 33.1(a)(2).

Z.Q. contends he alerted the trial court to his need for the trial records to establish supporting facts in his response to the State's answer to his application for writ of habeas corpus. In the response, Z.Q. states "Relator will take this oppertunity (sic) to humbly ask that this Honorable Judge enter an Order ordering the Harris County District Clerk to 'UNSEAL' these records, and to furnish a copy upon all parties." Z.Q. also points to a federal court filing in the record reflecting appellate counsel's representation in a footnote that Z.Q.'s records are sealed.

We conclude, however, that Z.Q.'s statement in a response to his original application for writ of habeas corpus failed to adequately alert the trial court to the ruling he sought with sufficient specificity to make the trial court aware of the complaint. In the response, Z.Q. cited no rule or authority to support his purported request or show his entitlement to such relief, and he did not request that his trial records be unsealed in his prayer for relief. Moreover, in his amended application for writ of habeas corpus—filed two months after his response to the State's answer—Z.Q. made no mention of unsealing his trial records and did not request such relief anywhere in the amended application, effectively abandoning any earlier request.[2] Finally, the record does not reflect that Z.Q. ever brought his request to the trial court's attention by motion or request for a hearing, and there is no order of the trial court denying any request to unseal records. We therefore conclude Z.Q. has failed to preserve this issue for appeal and accordingly overrule his second issue.

* * *

We therefore overrule Z.Q.'s issues and affirm the trial court's judgment.

/s/    Jeffrey V. Brown
       Justice

Panel consists of Chief Justice Hedges and Justices Brown and Busby.

---

[2] In the prayer for relief in his amended habeas petition, Z.Q. requested just two things: (1) leave to file an out-of-time-appeal; and (2) the appointment of counsel to handle his appeal. Because we have determined that the trial court did not abuse its discretion in denying the habeas, we express no opinion concerning whether such relief is available to Z.Q.