**In the Matter of T. T. W., Appellant.**

**No. 8345.**

Court of Civil Appeals of Texas, Texarkana.

Jan. 20, 1976.

R. Lewis Nicholson, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton, Asst. Dist. Atty., Dallas, for appellee.

CHADICK, Chief Justice.

This is an appeal from a juvenile court order waiving its jurisdiction and transferring T. T. W., a juvenile, to an appropriate district court or criminal district court for criminal proceedings. The order is reversed and the proceeding remanded.

The record shows that T. T. W., a juvenile and sole respondent, was not served with a summons to a hearing authorized by Tex. Family Code Ann. Sec. 54.02 and held by the juvenile court for the purpose of considering discretionary transfer of T. T. W. to a district court or criminal district court for criminal proceedings. Summons and service thereof were not shown to have been waived in any lawful manner. A defective summons to a hearing of this nature was held insufficient as notice in *R. K. M. v. State of Texas*, 520 S.W.2d 878 (Tex.Civ. App. San Antonio 1975, no writ). Reversal and remand was ordered. Also, a summons that did not conform to the mandatory provisions of Tex. Family Code Ann. Sec. 54.-02(b) has been held to deny a juvenile due process and require reversal and remand. *In re K. W. S.*, 521 S.W.2d 890 (Tex.Civ. App. Beaumont 1975, no writ). Omission or failure to issue and serve a summons on the juvenile, in this instance, cannot be less harmful than service of a defective summons.

The governing statute, Tex. Family Code Ann. Sec. 53.06 (summons) and 53.07 (service) as well as Sec. 54.02(b) speaks in mandatory terms. Compliance is prerequisite to exercise of juvenile court jurisdiction to conduct hearings and make orders contemplated by Sec. 54.02. In the absence of a summons to the juvenile, the fact here, the juvenile court did not acquire jurisdiction to consider discretionary transfer. Appellant's points of error 5 and 6 are sustained.

All twenty-one of appellant's points have been examined and no error has been found requiring disposition contrary to that now directed. The order of the trial court is reversed and the proceeding is remanded for retrial.