938 S.W.2d 537 (1997)
In the Matter of A.B., a child.
No. 06-96-00052-CV.
Court of Appeals of Texas, Texarkana.
Submitted January 9, 1997.
Decided January 30, 1997.
Rehearing Overruled March 4, 1997.
Ebb B. Mobley, Longview, for appellant.
Jeff Bray, Assistant District Attorney, Longview, for appellee.
Before CORNELIUS, C.J., GRANT and ROSS, JJ.

OPINION
GRANT, Justice.
This is an appeal by a juvenile, A. B., from an order adjudicating A.B. as a delinquent and from an order of disposition after a jury finding of three acts of delinquent conduct.
A.B. raises five issues on appeal: (1) The trial court had no jurisdiction to try him because neither he nor his mother was served with summons as required by the Texas Family Code. (2) The trial court erred in adjudicating him a delinquent for evading arrest because there was no evidence that the arresting officer had probable cause to arrest him. (3) The trial court erred in entering an adjudication order against him, because there was no evidence in the record to establish the value of the black leather jacket and gold rope necklace allegedly stolen by him. (4) The trial court erred by failing to grant his request to instruct the jury that Royella B. Saenz was an accomplice witness. (5) The court erred by allowing the State to shift the burden of proof to him in closing argument.
On January 4, 1996, the assistant district attorney for Gregg County filed a petition in the 307th Family District Court, sitting as a juvenile court, for determination of whether A.B. should be adjudged a delinquent on the basis of enumerated violations of the Texas Penal Code. The cause was originally set for a plea hearing on January 16, 1996, but it was continued at A. B.'s request for a trial before a jury on February 2, 1996. Jury selection was held on January 29, 1996.
A.B. was charged with having engaged in delinquent conduct by abuse of a credit card belonging to another, by theft of a black leather jacket and a gold necklace, and by unlawfully fleeing from a police officer who was attempting to detain him for investigation of the other offenses. The jury found that he had engaged in delinquent conduct as charged.
*538 On February 13, 1996, the court entered an adjudication order in which it found that A.B. had engaged in delinquent conduct as found by the jury. On February 16, 1996, the court conducted a disposition hearing, after which it entered a disposition order placing A.B. on probation for one year for having committed each or any of the enumerated violations of the Texas Penal Code. The court ordered that A.B. be placed on probation for one year, subject to one-year extensions until A.B. reaches the age of eighteen. The court also ordered A.B. to attend a boot camp program as prescribed by the Gregg County Juvenile Probation Department and to comply with other specified conditions of probation.
A.B. first contends that the trial court had no jurisdiction to try him because neither he nor his mother was served with summons as required by the United States Supreme Court in In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), and by Tex. Fam.Code Ann. §§ 53.06, 53.07 (Vernon 1996). In Gault, the court held that due process requires that a juvenile charged with delinquency must receive notice that would be deemed constitutionally adequate in a civil or criminal proceeding; that the notice be given sufficiently in advance of the proceedings to allow the juvenile a reasonable opportunity to prepare; and that the notice set forth the alleged conduct with particularity. The juvenile may not waive this service. In re H.R.A., 790 S.W.2d 102, 107-08 (Tex.App.-Beaumont 1990, no writ).
Section 53.06(a), (b) of the Family Code provides that a juvenile court shall direct issuance of a summons to the child named in the petition and to the child's parent, guardian, or custodian. Section 53.07(c) provides that service of the summons may be made by any suitable person under direction of the court. Section 53.06(e) provides that any party, other than the juvenile, may waive service of summons by written stipulation or by appearance at the hearing.
A.B. complains that he was not personally served with a summons prior to the initial hearing on the petition as required by the Texas Family Code. The petition in this case was filed on January 4, 1996. On January 29, 1996, the trial court conducted a preliminary hearing on matters related to the petition. The court noted on the record, in a colloquy with A.B. and his counsel, that the State had delivered a copy of the petition to A. B.'s counsel, who in turn gave a copy to A.B. When the court asked A.B. whether he wanted a deputy to deliver another copy of the petition to him in the courtroom at that time, A.B. replied that he did not.
The Supreme Court of Texas has held that juvenile court lacks jurisdiction in a proceeding where the record discloses that the juvenile had not been served with a summons to a hearing, notwithstanding the juvenile's appearance at the hearing. TEX. FAM.CODE ANN. § 53.06(e); In re D.W.M., 562 S.W.2d 851 (Tex.1978); In re W.L.C., 562 S.W.2d 454 (Tex.1978) (party other than the child may waive service of summons by written stipulation or by voluntary appearance at the hearing, but a minor is without legal capacity to waive service of process; in juvenile proceeding the juvenile named in the petition shall be served with the summons, citing Section 53.06(a), (e) of the Family Code). In this case, A. B.'s mother voluntarily appeared at the hearing and therefore waived service of summons.
We have previously held that the provisions of Sections 53.06 and 53.07 are mandatory and that noncompliance results in a lack of jurisdiction in the juvenile court to conduct the proceeding. In re T.T.W., 532 S.W.2d 418 (Tex.Civ.App.-Texarkana 1976, no writ). The State relies upon the case of In re K.P.S., 840 S.W.2d 706 (Tex.App.-Corpus Christi 1992, no writ), in which the court held that, although it is better practice to serve the juvenile with a written summons, in-court service of the State's petition for adjudication, along with the oral summons issued to the juvenile by the trial judge in that case, satisfied the requirements of Section 53.06(a), (b) and Section 53.07(c) of the Family Code. In K.P.S., the record shows that the trial judge ordered an in-court service of the petition upon the juvenile at a conference held before the adjudication proceeding, and at that same time, the judge issued an oral summons by informing the parties of the time, date, and place of trial. That service *539 was ineffective. See also, In re H.R.A., supra..
In the instant case, no actual service of the petition or summons was made on the juvenile, and his failure to object to lack of proper service did not operate as a waiver of that service. See Grayless v. State, 567 S.W.2d 216 (Tex.Crim.App. [Panel Op.] 1978). Jury selection was on the same date (January 29) as the pretrial conference. The trial court did orally inform the parties at the pretrial conference of the date set (February 2) to "go to trial." No written summons was served upon the juvenile, however, and the State does not contend that the court's pronouncement of a trial setting satisfied this requirement.
In K.P.S., the court distinguished the case of Johnson v. State, 551 S.W.2d 379 (Tex. Crim.App.1977), by noting that the missing element in Johnson was present in K.P.S. In Johnson, the Court of Criminal Appeals held that the juvenile court did not have jurisdiction because no proper service was made on the juvenile. The record in that case showed that the sheriff had served the juvenile with a document, but the record did not show what the document was. The court in Johnson held that, assuming the document was a copy of the delinquency petition, service was inadequate because no summons accompanied it alerting the juvenile to the time and place he was to appear in court.
In K.P.S., the court noted that the service of the petition in that case was accompanied by the trial court's oral summons to the juvenile at the pretrial conference and that the requirements of the Family Code had therefore been met. K.P.S. is not in point, because in the instant case the trial court offered to have a copy of the petition served on the juvenile but no petition was served. We reiterate that the Texas Supreme Court has held that a juvenile court lacks jurisdiction in a proceeding where the record discloses that the juvenile had not been served with a summons, notwithstanding the juvenile's appearance at the hearing. See In re D.W.M., supra, and In re W.L.C., supra.
In the instant case, the trial judge noted on the record that she had been advised that the juvenile's counsel had sent him a copy of the petition, but there was no actual service of the petition upon the juvenile. Moreover, there was no written service of summons upon the juvenile, although the trial court did inform the parties at the pretrial hearing of the date on which presentation of evidence at the adjudication proceeding would commence. We conclude that the juvenile was not as served as required by the Family Code and the holdings of the Texas Supreme Court in In re D.W.M., supra, and In re W.L.C., supra.
Because of our disposition of this point of error as set forth below, we need not reach the remaining points raised by A. B.
We sustain this point of error and hold that, in the absence of an actual service of a summons and a petition as required by the Family Code, the trial court was without jurisdiction to conduct either the pretrial conference or the hearing on the delinquency petition or to issue adjudication and disposition orders in this case. This disposition is in consonance with our opinion in In re T.T.W., supra.
The adjudication order and disposition order of the trial court are reversed, and the proceeding is remanded for a new trial.
CORNELIUS, Chief Justice, dissenting.
I cannot agree that the procedural irregularity in serving A.B. requires a reversal of this case.
The due process requirements of In re Gault were fully met. A.B. was served with a copy of the petition, the petition was more than adequate to inform A.B. of the charges against him, the petition was delivered to A.B. sufficiently in advance of the proceedings to allow him reasonable opportunity to prepare, and A.B. was accompanied by his parent and was represented by competent legal counsel. A.B. readily admitted all these facts in open court and in writing.
Juveniles cannot legally waive service, but this case is not about waiver. A.B. was personally served with a copy of the petition and was orally summoned in open court. The only irregularity in the entire proceeding is that A.B. was served by his attorney, with *540 subsequent approval by the trial court, rather than being served by an officer or a process server. Such a technical departure from the statutorily prescribed procedure does not violate due process, nor does it constitute a fatal defect under the statutes. Compare: R.X.F. v. State, 921 S.W.2d 888 (Tex.App.-Waco 1996, no writ); In re K.P.S., 840 S.W.2d 706 (Tex.App.-Corpus Christi 1992, no writ); In re Gonzalez, 328 S.W.2d 475 (Tex.Civ.App.-El Paso 1959, writ ref'd n.r.e.).
Where service consistent with the statutes and the requirements of due process is perfected, the failure to have an officer or process server deliver the process to the juvenile should not invalidate the service, and I do not believe that Articles 53.06 and 53.07 of the Family Code mandate otherwise.
The record here shows that A.B. was adequately served, and that Articles 53.06 and 53.07 were substantially complied with. For these reasons, I would affirm the judgment.