**In the Matter of M.D.R., A Juvenile.**

**No. 06–02–00124–CV.**

Court of Appeals of Texas, Texarkana.

Submitted July 10, 2003.

Decided July 22, 2003.

Michael P. Kopech, Law Offices of Michael P. Kopeck, Daingerfield, for Appellant.

O.G. Stanley, Morris County/Dist. Atty., for State.

Before MORRISS, C.J., ROSS and CARTER, JJ.

### OPINION

Opinion by Chief Justice MORRISS.

On May 3, 2001, Officer Jeff McCullough was working undercover in Daingerfield, Texas. McCullough, working with a confidential informant, arranged a drug transaction with M.D.R. and another individual. McCullough testified he purchased two-tenths of a gram of crack cocaine from M.D.R. McCullough also testified he did not know M.D.R.'s name at the time of the drug transaction. The informant, however, identified M.D.R. by the nickname "Keno." McCullough inquired of Officer Ross Dixon to determine the identity of "Keno." In response, Dixon showed McCullough a middle school yearbook, which had the names blocked out, to see if McCullough could find the juvenile who

was involved in the drug transaction. McCullough selected M.D.R.'s picture.

After a jury trial, the trial court found M.D.R. engaged in delinquent conduct and committed him to the Texas Youth Commission for an indeterminate period of time, not to exceed M.D.R.'s twenty-first birthday. On appeal, M.D.R.'s points of error assert the trial court (1) lacked personal jurisdiction, (2) violated M.D.R.'s federal and state constitutional rights against self-incrimination, and (3) erred by overruling M.D.R.'s motion to suppress photographic and testimonial identification of M.D.R.

■ In his first point of error, M.D.R. contends the trial court lacked personal jurisdiction over him. The United States Supreme Court has established that a juvenile charged with delinquent conduct must be given constitutionally adequate notice in a civil or criminal proceeding and that such notice be given sufficiently in advance of trial to give the accused a reasonable amount of time to prepare. *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Further, Section 53.06 of the Texas Family Code provides that a juvenile court "shall direct issuance of a summons to ... *the child named in the petition*," among others, and also requires that "[a] *copy of the petition must accompany the summons*." TEX. FAM. CODE ANN. § 53.06 (Vernon 2002) (emphasis added). A juvenile court lacks jurisdiction when the record contains no affirmative showing of service on the juvenile, despite the juvenile's appearance at trial. *In re D.W. M.*, 562 S.W.2d 851, 852–53 (Tex.1978); *see* TEX. FAM.CODE ANN. § 53.06(e) (a child may not waive service of summons by written stipulation or voluntary appearance at trial).

In *In re A.B.*, 938 S.W.2d 537, 539 (Tex. App.-Texarkana 1997, writ denied), this Court held that the trial court lacked personal jurisdiction because the State failed to properly serve the juvenile. Specifically, the petition was filed on January 4, 1996, and a preliminary hearing was conducted on January 29, 1996. At that hearing, the trial court noted on the record that a copy of the petition had been delivered to A.B.'s counsel, who in turn delivered it to A.B. The court asked A.B. if he wanted another copy of the petition delivered to him personally, and A.B. declined service. *See* TEX. FAM.CODE ANN. § 53.06(e) (child cannot waive service). On appeal, A.B. contended the State failed to satisfy the notice requirements set forth in the Texas Family Code. This Court held that (1) the provisions of Sections 53.06 and 53.07 of the Texas Family Code were mandatory and (2) failure to adhere to the language set forth therein would preclude the trial court from establishing personal jurisdiction over the juvenile. TEX. FAM.CODE ANN. § 53.07 (Vernon 2002); *A.B.*, 938 S.W.2d at 538; *In re T.T.W.*, 532 S.W.2d 418 (Tex.App.-Texarkana 1976, no writ). Because there was nothing in the record affirmatively showing that a summons, accompanied by a copy of the petition, was served on the juvenile, this Court held that the trial court did not have jurisdiction and remanded the cause for a new trial.

■ In the present case, there is no affirmative showing in the record that M.D.R. was served with a copy of the petition. The summons served on M.D.R. merely informed him that he was to appear in person at the Morris County courthouse at a specific date and time to answer the allegations of the original petition filed on January 17, 2001. While the statute does not require that the summons, or the return, expressly state that a copy of the petition was delivered, there must be some indication in the record that a copy of the petition was served on the juvenile. *See D.W.M.*, 562 S.W.2d at 852–53; *Polanco v.*

*State,* 914 S.W.2d 269, 270–71 (Tex.App.-Beaumont 1996, pet. ref'd); *In re Edwards,* 644 S.W.2d 815, 819–20 (Tex.App.-Corpus Christi 1982, writ ref'd n.r.e.). After reviewing the record in its entirety, we find no indication M.D.R. was served with a copy of the petition.[1] Because there was no showing of actual service of the petition on M.D.R., the trial court did not have personal jurisdiction, we need not address M.D.R.'s other points of error, and we reverse the trial court's judgment and remand the proceeding to the trial court for a new trial. *See* TEX.R.APP. P. 43.2; *In the Matter of A.B., a Child,* 938 S.W.2d at 539.

---

1. There is some dispute among the courts of appeals concerning whether the trial court may orally serve the juvenile with summons and a copy of the petition, but because the trial court made no such attempt, that discussion would serve no purpose in the present case. *See In re K.P.S.,* 840 S.W.2d 706, 709 (Tex.App.-Corpus Christi 1992, no writ); *cf. In re A.B.,* 938 S.W.2d 537, 539 (Tex.App.-Texarkana 1997, writ denied).