

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00122-CV

_____

IN THE MATTER OF X.B.

On Appeal from the County Court, Sitting as a Juvenile Court
Lamar County, Texas
Trial Court No. 25-CJV-11

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

In August 2011, the County Court of Lamar County, sitting as a juvenile court, entered an order of adjudication and disposition, finding X.B.[1] to have engaged in delinquent conduct. X.B. was placed on probation in the custody of his mother. In October 2011, the trial court entered an order modifying disposition, committing X.B. to the Texas Youth Commission (TYC). X.B. brings this appeal of the order modifying disposition, claiming (1) the trial court did not have jurisdiction to consider the State's petition to modify disposition, (2) the evidence is insufficient to establish reasonable efforts were made to prevent his removal from his mother's home, (3) the evidence is insufficient to establish his mother could not provide necessary support and supervision to meet probationary conditions, and (4) the evidence is insufficient to support the modification and commitment to the TYC. Because we find it lacked jurisdiction, we reverse the judgment of the trial court and remand for a new trial.

I. Background

A stipulation of evidence was presented to the trial court at X.B.'s adjudication hearing.[2] The stipulation revealed that in July 2011, X.B., intentionally, and without the effective consent of the City of Paris Animal Shelter, entered the shelter at a time when it was not open to the public with the intent to commit theft. Also in July 2011, X.B., while in the course of committing theft

---

[1]X.B. is a juvenile, and is therefore identified by initials only, in order to protect his identity.

[2]The stipulation was signed by X.B. and his attorney.

of property with the intent to obtain or maintain control of said property, intentionally or knowingly threatened M.W. by placing M.W.[3] in fear of imminent bodily injury or death.

The following month, X.B. unlawfully appropriated property from the CVS Pharmacy, of a value of $50.00 or more, but less than $500.00, with the intent to deprive the owner of the property. On that same day, X.B. intentionally fled from a peace officer who was attempting to lawfully arrest or detain him.

Based on this stipulation of evidence, after proper admonishment by the court, X.B. entered a plea of "true" to the offenses of theft of property, evading arrest, robbery, and burglary of a building. X.B. was adjudicated to have engaged in delinquent conduct and was placed on probation in the custody of his mother for a period of twenty-four months, or further order of the court.

In October 2011, the State filed a petition for hearing to modify X.B.'s probation based on an incident that occurred in September. According to D.K.,[4] who testified at the hearing on the State's motion to modify, D.K. was at the Sav-A-Lot with two friends when X.B. (with whom D.K. had problems in the past) showed up with two companions. X.B. invited D.K. to go behind the store and get "his [ass] whooped." After D.K. attempted to walk away, one of X.B.'s companions blindsided him and hit him multiple times. X.B. was a "couple of feet" away when

---

[3]Because M.W. is a juvenile, he is identified by initials in order to protect his identity.

[4]Because D.K. is a juvenile, he is identified by initials in order to protect his identity.

this occurred. After the altercation, D.K. noticed his bracelets were gone. X.B. and his companions ran when a truck pulled into the parking lot.

The trial court found that X.B. violated the terms of his probation, and X.B. was ultimately remanded to the custody of the TYC for an indeterminate period of time not to exceed the time when he shall be nineteen years of age. X.B. appeals the order modifying disposition to the TYC.

Initially, X.B. claims the trial court did not have jurisdiction to enter the modification order because he was not served with petition and citation for the initial adjudication. The State maintains that X.B. cannot collaterally attack the final, initial adjudication.

## II. Collateral Attack on Void Judgment

Section 53.06 of the Texas Family Code provides that a juvenile court "shall direct issuance of a summons to . . . the child named in the petition," among others, and also requires that "[a] copy of the petition must accompany the summons." TEX. FAM. CODE ANN. § 53.06(a), (b) (West 2008). Section 53.06 of the Family Code further provides that a child may not waive service of summons by written stipulation or voluntary appearance at trial. TEX. FAM. CODE ANN. § 53.06(e) (West 2008); *In re D.W.M.*, 562 S.W.2d 851, 853 (Tex. 1978). "This language reflects the common law rule that a minor is without legal capacity under the law to waive service of summons." *Id.* When the record contains no affirmative showing of service on the juvenile, the juvenile court lacks jurisdiction, despite the juvenile's appearance at trial. *Id.* at 852–53; *In re M.D.R.*, 113 S.W.3d 552, 553 (Tex. App.—Texarkana 2003, no pet.).

4

In *M.D.R.*, this Court held that the trial court lacked personal jurisdiction because the State failed to properly serve the juvenile. *M.D.R.*, 113 S.W.3d at 554. In that case, summons was served on M.D.R., but there was no indication that a copy of the petition was served on the juvenile. Because there was no showing of actual service of the petition on M.D.R., the trial court did not have personal jurisdiction. *Id.*; *see also In re A.B.*, 938 S.W.2d 537, 539 (Tex. App.—Texarkana 1997, writ denied) (because record failed to affirmatively reflect that summons, accompanied by copy of petition served on juvenile, trial court did not have jurisdiction); *In re T.T.W.*, 532 S.W.2d 418 (Tex. App.—Texarkana 1976, no writ) (compliance with Sections 53.06 (summons) and 53.07 (service) of Texas Family Code is mandatory prerequisite to exercise of juvenile court jurisdiction).

In the present case, the State concedes that "the Clerk's Record does not show that the Appellant received the summons/copy of the original petition; and neither does the Reporter's Record contain any references during the original adjudication hearing that the Appellant was served with oral notice of the petition." After reviewing the record in its entirety, we find no indication X.B. was served with a copy of the summons or petition.

The State maintains that because there was no direct appeal of the adjudication order, X.B.'s jurisdictional complaint here amounts to a collateral attack on that order. This, the State claims, is impermissible, citing *In re D.E.P.*, 512 S.W.2d 789 (Tex. Civ. App.—Houston [14th Dist.] 1974, no writ). In that case, the juvenile did not appeal his initial adjudication and

5

probationary disposition. After the expiration of the appellate filing period, the State filed a motion to modify the disposition. The trial court entered a modification order, committing the juvenile to the TYC. The juvenile appealed the modification decision and attacked the judgment rendered on adjudication, claiming the trial court lacked personal jurisdiction based on the initial lack of service. *Id.* at 790. The Houston Fourteenth court reasoned that Section 53.06(e), which forbids a juvenile from waiving service of summons, was not dispositive, stating,

> Here appellant filed answer by his counsel . . . . He fully participated in the adjudication proceedings and was very carefully advised of his rights by the court and by his own attorney. Since no appeal was perfected from the adjudication hearing, this contention constitutes a collateral attack on that judgment. A far different question would have been presented had he objected on the hearing, perfected appeal of the adjudication order and assigned failure of service on the child as error.

*Id.* at 791. Having disposed of any claim that the trial court had no jurisdiction at the adjudication hearing, the court then determined the juvenile was not entitled to service of process for the hearing to modify disposition. *See* TEX. FAM. CODE ANN. § 54.05(d) (West Supp. 2011) ("Reasonable notice of a hearing to modify disposition shall be given to all parties."). Because the issue of reasonable notice was not raised on appeal, and because the juvenile and his parents "were present and fully advised of the issues presented and the rights of the parties," no basis existed for complaint. *D.E.P.*, 512 S.W.2d at 791.

With no citation to authority, discussion of whether the adjudication judgment was void, or other analysis, the court in *D.E.P.* found that the juvenile could not collaterally attack the adjudication judgment. Our review of authorities leads to a different conclusion.

The State further relies on caselaw stating that despite "the necessity of strict compliance with the procedural safeguards of the Family Code, we will not permit collateral attacks on judgments of the trial courts based on separate adjudication and disposition hearings." *In re O.S.S.*, 931 S.W.2d 42, 45 n.2 (Tex. App.—Fort Worth 1996, writ denied). That case, however, did not involve the issue before us. *O.S.S.* held the appellate timetable from juvenile adjudication runs from the date the adjudication order is signed, and did not address the jurisdiction of the juvenile court in the absence of service on the juvenile.[5]

While *O.S.S.* is not on point, it contains an additional sentence following that which is cited in the State's brief, which correctly recognizes that "a collateral attack may be allowed in cases of fundamental error . . . ." *Id.*; *see also Wagner v. D'Lorm*, 315 S.W.3d 188, 192 (Tex. App.—Austin 2010, no pet.). *D.E.P.* did not discuss the concept of fundamental error, which is necessary to our decision here.

Courts will find fundamental error "only in those rare instances in which the record shows on its face that the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes and constitution of this state." *Cox v. Johnson*,

---

[5]The holding of *O.S.S.* was overruled by statute when Section 56.01 of the Family Code was amended in 1997. *See* TEX. FAM. CODE ANN. § 56.01(b) (West Supp. 2011); *In re J.C.H.*, 12 S.W.3d 561 (Tex. App.—San Antonio 1999, no pet.).

638 S.W.2d 867, 868 (Tex. 1982); *see also Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 395 (Tex. 1993) (Gonzalez, J., concurring) ("Lack of jurisdiction is far and away the most common example of fundamental error."); *Mapco*, *Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991) (lack of jurisdiction is fundamental error and may be raised for first time on appeal).

In this case, it is alleged the trial court did not have jurisdiction of the original adjudication. The State concedes X.B. was not served with a summons or petition, thus consequently, the trial court never obtained personal jurisdiction over the child. *See M.D.R.*, 113 S.W.3d at 554. Thus, the original adjudication proceeding in this case contained fundamental error.

Yet, the State complains X.B.'s assertion that the juvenile court was without jurisdiction to modify the disposition is an impermissible collateral attack on the judgment of adjudication. A collateral attack is an attempt to avoid the effect of a judgment in a proceeding brought for a different purpose. *In re Ocegueda*, 304 S.W.3d 576, 579 (Tex. App.—El Paso 2010, pet. denied). A void judgment may be collaterally attacked. *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005); *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985). When it is apparent that the court rendering a judgment "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act," the judgment is void. *Browning*, 698 S.W.2d at 363. Errors other than lack of jurisdiction may render a judgment erroneous or voidable, and are thus subject only to direct attack. *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987). Here, the judgment of adjudication is not merely erroneous or voidable.

8

Because the trial court had no jurisdiction over X.B., a party, the judgment of adjudication is void, and is subject to collateral attack.   *See id.*; *Prostock*, 165 S.W.3d at 346.

Because of our disposition of this point of error, we need not address X.B.'s remaining points of error.

## III.    Conclusion

We hold that in the absence of an actual service of summons and a petition as required by the Texas Family Code, the trial court was without jurisdiction to conduct the adjudication, disposition, and modification hearings, or to issue adjudication, disposition, and modification orders.

We reverse the trial court's judgment and remand to the trial court for a new trial.  *See* TEX. R. APP. P. 43.2; *M.D.R.*, 113 S.W.3d at 553.


Jack Carter
Justice


Date Submitted:      May 24, 2012
Date Decided:        May 25, 2012