**AFFIRM; and Opinion Filed August 23, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01180-CV

### IN THE INTEREST OF M.A.A.

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 01-09-843**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Brown

Appellant Sherrie Rhodes, M.A.A.'s maternal grandmother, appeals an order denying her motion to modify a final order in a suit affecting the parent child relationship (SAPCR). Rhodes, representing herself pro se, presents sixteen issues on appeal in which she generally complains about four different orders: (1) the final order in the SAPCR suit; (2) the trial court's order denying her motion to modify that order; (3) the trial court's order denying her motion to enforce that order; and (4) a subsequent ruling on a recusal motion. For the following reasons, we affirm.

### Background

In 2009, M.A.A. was born with Down Syndrome. Shortly after his birth, the Texas Department of Family and Protective Services (TDPS) filed a SAPCR seeking, among other things, emergency orders for the protection of M.A.A. and for the termination of Mother's and Father's parental rights. TDPS's petition was supported by an affidavit from a Child Protective

Services caseworker stating that after M.A.A. was born, he tested positive for cocaine and opiates and suffered from withdrawals. The affidavit further stated that Mother had admitted drug use during her pregnancy. Mother also told the CPS caseworker there were no family members who could care for M.A.A. and she refused to provide contact information because she did not want CPS contacting her family. The trial court entered temporary orders appointing TDPS temporary sole managing conservator of M.A.A., and he was placed in foster care.

Shortly thereafter, M.A.A. was placed with appellees, Nancy and Andrew Aiken, his paternal grandparents. Rhodes subsequently filed a petition seeking grandparent visitation rights and requesting to be appointed a joint managing conservator along with the Aikens. Following a mediation requested by TDPS, TDPS, Rhodes, the Aikens, Mother and Father signed an agreement whereby the Aikens would be appointed joint managing conservators of M.A.A. and Rhodes would be granted visitation rights. Thereafter, the trial court entered a final order appointing the Aikens joint managing conservators of M.A.A. with the rights and duties specified in section 153.371 of the family code. The trial court also granted Rhodes visitation rights as set out in the mediated settlement agreement. Neither Rhodes, nor any other party appealed, and the order became final.

A few years later, after learning the Aikens intended to relocate to New Mexico, Rhodes filed a motion to modify requesting the trial court place a domicile restriction on the Aikens to prevent them from relocating to New Mexico. Rhodes also requested to be appointed a joint managing conservator of M.A.A.

Following a bench trial on Rhodes's motion to modify, the trial court denied Rhodes's motion, but modified her visitation schedule to accommodate for the Aikens' relocation. The trial court made findings of fact and conclusion of law. The findings of fact and conclusions of law reflect the trial court's determinations that the final SAPCR order appointed the Aikens as

joint managing conservators and granted them the right to designate the primary residence without a geographic restriction. The Court also made findings that at the time of the final SAPCR order, all of the parties resided in Rockwall County, that Rhodes subsequently relocated to Mount Vernon, 80 miles away, in part due to the high cost of living in Rockwall, and that the Aikens decided to move to New Mexico because of the high cost of living and to be closer to one of their adult children. The trial court further found that the Aikens have been primarily responsible for caring for M.A.A.'s needs and that, although Rhodes had requested to be named a joint managing conservator, she did not request that M.A.A. reside with her. Additionally, the trial court found that although Rhodes had claimed she was denied visitation from time to time, she also did not always exercise the visitation she had been granted. The trial court also determined that Rhodes and the Aikens have experienced conflicts and arguments regarding M.A.A., and are unable to effectively communicate with each other about M.A.A. Finally, the court found that the adjusted visitation schedule granted to Rhodes equaled or exceeded the time granted in the prior order and that the travel time necessary for the Aikens and Rhodes to effectuate the visitation schedule was divided between the grandparents, with the Aikens being required to travel slightly further than Rhodes. The trial court acknowledged that Rhodes did not believe M.A.A. should have to travel in a car for long distances, but the Aikens presented testimony from M.A.A.'s special needs teacher that, with reasonable breaks during the trip, the travel time would not be a problem for M.A.A.

Based on these findings, the trial court concluded that Rhodes had failed to meet her burden to show a geographic restriction should be placed upon the Rhodes, Rhodes failed to show she should be named a joint managing conservator of the child, and it was in M.A.A.'s best interest to continue to reside with the Aikens, as relocated. This appeal followed.

**Discussion**

In her brief, Rhodes lists sixteen issues making various complaints about the original mediated settlement agreement, the final SAPCR order appointing the Aikens managing conservators, and the trial court's subsequent orders denying her motion to modify and her motion to enforce the SAPCR. However, in the body of her brief, Rhodes does not separately argue the issues asserted. Instead, she raises various complaints under several subheadings that do not coincide with the sixteen issues she listed.

Our appellate rules have specific requirements for briefing. *See* TEX. R. APP. P. 38. These rules require an appellant to state concisely the complaint she may have, provide understandable, succinct, and clear argument for why her complaint has merit in fact and in law, and cite and apply law that is applicable to the complaint being made, along with record references that are appropriate. *See* TEX. R. APP. P. 38.1(f),(i). Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or the other. We are not responsible for identifying possible trial court error. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). Nor are we responsible for searching the record for facts that may be favorable to a party's position. *Id.* And, we are not responsible for doing the legal research that might support a party's contentions. *Id.* Were we to do so, even for a pro se litigant untrained in law, we would be abandoning our role as judges and become an advocate for that party. *Id.*

To comply with rule 38.1(f), an appellant must articulate the issue we will be asked to decide. *Id.* at 896. If an appellant is unable to or does not articulate the question to be answered, then her brief fails at that point. *Id.* If the issue is identified, then rule 38.1(i) calls for the brief

–4–

to guide us through the appellant's argument with clear and understandable statements of the contentions being made. *Id.*

We have carefully reviewed Rhodes brief in an effort to identify the issues fairly presented without abandoning our duty to act as judges, not advocates. Having done so, we conclude Rhodes's complaints fall into four broad categories. First, she raises various complaints about the final SAPCR Order. Second, she raises various complaints regarding the trial court's ruling on her motion to modify. Third, Rhodes complains the trial court erred in denying her motion to enforce. And finally, she complains about an order denying her post-judgment motion to recuse. To the extent she raises any additional complaints, we conclude they are inadequately briefed.

## Collateral Attack of Final Order

We first consider Rhodes's challenges to the final SAPCR order. Rhodes acknowledges that the SAPCR order is a final order. She nevertheless raises several arguments seeking to set aside that order on the basis that it is void. To show the SAPCR order was void, Rhodes relies primarily on her complaint that it was based on an invalid mediated settlement agreement. Although not entirely clear, Rhodes also suggests the SAPCR order was void because it did not take into account M.A.A.'s special needs in violation of Rhodes's rights.

Although a void judgment may be attacked at any time by direct or collateral attack, a judgment that is voidable is susceptible only to a direct attack and may not be challenged collaterally. *See Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005); *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985). A judgment is void when it is apparent that the court rendering a judgment "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Placke*, 698 S.W.2d at 363. Errors other than lack of jurisdiction may render a judgment erroneous or

voidable; however, such errors are subject only to a direct attack. *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987); *In re X.B.*, 369 S.W.3d 350, 354 (Tex. App.—Texarkana 2012, no pet.).

Here, the final SAPCR order recites that Rhodes appeared in person and that, after examining the record and hearing the evidence and arguments, the trial court determined it had jurisdiction over the case and the parties and that no other court had continuing, exclusive jurisdiction of the case. Rhodes has not otherwise shown the trial court lacked jurisdiction over the parties or the subject matter. Rhodes's complaints about the validity of the mediated settlement agreement would not render the final order void, only voidable. *See In re J.W.L.*, 291 S.W.3d 79, 83–84 (Tex. App.—Fort Worth 2009, orig. proceeding [mand. denied]). Thus, we conclude her complaints regarding the final SAPCR order are not properly before this Court.

## Modification

Rhodes next complains that the trial court erred in denying her motion to modify and in ordering an alternative modification that was unsupported by the pleadings. In her motion to modify, Rhodes sought to impose a residency restriction on M.A.A.'s managing conservators. The trial court denied her requested modification, but modified Rhodes's visitation.

A court with continuing, exclusive jurisdiction may modify an order that provides for the conservatorship, support, or possession of and access to a child. TEX. FAM. CODE ANN. § 156.001 (West 2014). The court may modify such an order if doing so "would be in the best interest of the child" and upon a showing of a material and substantial change in circumstances. *Id.* § 156.101. Because the "trial court is given wide latitude in determining the best interest of a minor child," we review a modification order under an abuse of discretion standard. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *King v. Lyons*, 457 S.W.3d 122, 126 (Tex. App—Houston [1st Dist.] 2014, no pet.).

According to Rhodes, the trial court erred because the SAPCR order did not give the Aikens the right to determine the primary residence of M.A.A. We disagree. The SAPCR order appointed the Aikens joint managing conservators with all the rights and duties specified in section 153.371 of the family code. Section 153.371 of the family code provides, among other rights and duties, the "right to designate the primary residence of the child and to make decisions regarding the child's education." TEX. FAM. CODE ANN. § 153.371(10) (West Supp. 2015).

Rhodes also generally asserts the trial court erred by failing to modify the SAPCR order and impose a geographic restriction on the Aikens. According to Rhodes, the geographic restriction will make it impossible for her to see M.A.A. due to financial issues. Initially, we note she directs us to no evidence in the record to support her contention. We also note that when considering residency restrictions and authorization of relocation, we should consider that the public policy of this state is to (1) assure children will have frequent and continuing contact with parents who have shown an ability to act in the best interest of the child; (2) provide a safe, stable, and nonviolent environment for the child; and (3) encourage parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage. TEX. FAM. CODE ANN. § 153.001 (West 2014).

Here, it is Rhodes seeking to impose a geographic restriction on the Aikens, M.A.A.'s caretakers. The Aikens agreed to take responsibility for M.A.A. and were appointed his joint managing conservators. At that time, they did not agree to a domicile restriction, nor did the trial court order one. Although Rhodes was permitted to have possession of M.A.A. one weekend a month, she did not always exercise the visitation. The Aikens subsequently decided to retire in New Mexico because the cost of living was less and to be near one of their grown children.

At trial, Rhodes focused on the amount of driving she would have to do to exercise her visitation with M.A.A., and whether such a drive would be too long for M.A.A. Rhodes did not

otherwise present evidence that imposing a domicile restriction on the Aikens would be in M.A.A.'s best interest. Nevertheless, Rhodes makes various statements that are not supported by citations to evidence in the record and many of which are contradicted by the record. We conclude she has not shown imposing a domicile restriction on the Rhodes was in M.A.A.'s best interest. Further, to the extent she complains the trial court erred by making a "stand alone best interest finding," we conclude her argument lacks merit. Rhodes requested a modification of the SAPCR order. To determine whether it was appropriate to do so, the trial court is required to make a best interest determination.

Rhodes also complains that the trial court modified the final SAPCR order without pleadings to support it. It is not clear whether Rhodes is again complaining the prior order did not give the Aikens the right to determine M.A.A.'s primary residence and thus permitting the Aikens to relocate constituted a modification or whether she is complaining that the trial court should not have modified her visitation to accommodate for the Aikens relocation. To the extent Rhodes is complaining the trial court erred by modifying her visitation without a specific request to do so, it is apparent that the trial court modified the order in response to Rhodes's complaints about the amount of driving she would be required to do under the former schedule. Thus, to the extent any pleading was necessary in this case to support the trial court's modification of Rhodes's visitation, that issue was tried by consent. *See* TEX. R. CIV. P. 67 (when issues not raised by the pleadings are tried by express or implied consent of parties, they shall be treated in all respects as if they had been raised in pleadings); *Case Corp. v. Hi–Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 771 (Tex. App—Dallas 2005, pet. denied) (unpleaded issue is tried by consent when evidence on issue is developed under circumstances indicating both parties understood issue was in case, and other party failed to make an appropriate complaint).

Having asked the trial court to modify the order due to the Aikens' desire to relocate, we cannot conclude the trial court abused its discretion in failing to modify it in the manner Rhodes requested. Moreover, we note the trial court took into account Rhodes's right to have access to M.A.A. and sought to fashion a schedule that would permit her to maintain a relationship with M.A.A. without the prohibiting the Aikens from relocating. Although Rhodes argues imposing a geographic restriction on the Aikens would be in M.A.A.'s best interest, her arguments are not supported by citations to evidence in the record and/or are contradicted by the record. Rhodes also fails to direct us to evidence in the record to show appointing her as joint managing conservator would be in M.A.A.'s best interest. Further, our review of the record shows that Rhodes and the Aikens could not effectively communicate and thus it would not be in M.A.A.'s best interest to require them make joint decisions for M.A.A.

## Enforcement

Rhodes next asserts the trial court erred in denying her motion to enforce the final SAPCR order. In her motion to enforce, Rhodes generally complained she was denied visitation with M.A.A. on two occasions. Other than that complaint, it is unclear what relief she sought. In any event, the trial court's denial of a motion for enforcement is generally not reviewable by direct appeal. *See Norman v. Norman,* 692 S.W.2d 655 (Tex. 1985) (holding that the court of appeals did not have jurisdiction over an order refusing to find an obligor in contempt for child support arrearage); *In re Murphy*, No. 05-05-00038-CV, 2006 WL 40770, at *1 (Tex. App.—Dallas Jan. 9, 2006, orig. proceeding) (mem. op.) (order refusing to hold an obligor in contempt not reviewable by direct appeal, money judgment for arrearages may be reviewed on direct appeal). Because Rhodes is not complaining about the trial court's failure to enter a money judgment, we conclude we lack jurisdiction to review the trial court's order denying her motion to enforce.

**Recusal**

In Rhodes's last category of complaints, Rhodes appears to be complaining about the hearing conducted on her post-judgment motion to recuse. The order about which Rhodes complains is unconnected to any final judgment or order in this case. Consequently, we lack jurisdiction to consider her complaints. *See In the Interest of H.M.S.*, No. 05-10-01351-CV, 2012 WL 2152331, at *2–3 (Tex. App.—Dallas June 14, 2012, no pet.) (mem. op.).

For the foregoing reasons, we affirm the trial court's order.

/Ada Brown/
ADA BROWN
JUSTICE

141180F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF M.A.A., A Child

No. 05-14-01180-CV

On Appeal from the 382nd Judicial District Court, Rockwall County, Texas

Trial Court Cause No. 01-09-843.

Opinion delivered by Justice Brown. Justices Lang and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees James Andrew and Nancy Aikens recover their costs of this appeal from appellant Sherry Rhodes.

Judgment entered this 23rd day of August, 2016.