

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00006-CV
_____

IN THE MATTER OF C.S.G., JR., A JUVENILE

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 21JV0037-CCL

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

A juvenile court found that C.S.G., Jr., engaged in delinquent conduct by discharging a weapon at a habitation in a manner that violated Section 22.05 of the Texas Penal Code and committed C.S.G. to the Texas Juvenile Justice Department for a determinate sentence of ten years. Among other points of error, C.S.G. challenges the juvenile court's jurisdiction. Because we conclude that the juvenile court lacked jurisdiction over C.S.G., we reverse the adjudication and disposition orders and remand this case for further proceedings.[1]

## I.    The Juvenile Court Lacked Jurisdiction Over C.S.G.

"Section 53.06 of the Texas Family Code provides that a juvenile court 'shall direct issuance of a summons to . . . the child named in the petition,' among others, and also requires that '[a] copy of the petition must accompany the summons.'" *In re X.B.*, 369 S.W.3d 350, 352 (Tex. App.—Texarkana 2012, no pet.) (alteration in original) (quoting TEX. FAM. CODE ANN. § 53.06(a), (b)). "Section 53.06 of the Family Code further provides that a child may not waive service of summons by written stipulation or voluntary appearance at trial." *Id.* (citing TEX. FAM. CODE ANN. § 53.06(e); *In re D.W.M.*, 562 S.W.2d 851, 853 (Tex. 1978) (per curiam)). "This language reflects the common law rule that a minor is without legal capacity under the law to waive service of summons." *Id.* (quoting *In re D.W.M.*, 562 S.W.2d at 853). "When the record contains no affirmative showing of service on the juvenile, the juvenile court lacks jurisdiction, despite the juvenile's appearance at trial." *Id.* (citing *In re D.W.M.*, 562 S.W.2d at 852–53; *In re M.D.R.*, 113 S.W.3d 552, 553 (Tex. App.—Texarkana 2003, no pet.)).

---

[1]Because we find that the juvenile court lacked jurisdiction to enter those orders, we need not decide C.S.G.'s remaining points of error.

Here, there was nothing in the record affirmatively showing that a summons, accompanied by a copy of the petition, was served on C.S.G. "Because there was no showing of actual service of the petition on [C.S.G.], the [juvenile] court did not have personal jurisdiction." *In re M.D.R.*, 113 S.W.3d 552, 554 (Tex. App.—Texarkana 2003, no pet.). As a result, "the original adjudication proceeding in this case contained fundamental error." *In re X.B.*, 369 S.W.3d at 354. Further, "the judgment of adjudication is void," as is the disposition order. *Id.*

## II.    Conclusion

We reverse the juvenile court's orders of adjudication and disposition and remand the matter to the juvenile court for further proceedings consistent with this opinion.

Charles van Cleef
Justice

Date Submitted:      August 25, 2022
Date Decided:        September 9, 2022

3