**Abated and Opinion Filed March 22, 2023**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00664-CV

## IN THE MATTER OF J.H.D., A JUVENILE

### On Appeal from the 417th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 417-70487-2019

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Garcia
Opinion by Justice Garcia

Appellant J.H.D. appeals from orders that modify a prior disposition of his juvenile-delinquency case and require him to register as a sex offender. His court-appointed appellate counsel has filed an *Anders*[1] brief and moved to withdraw. We grant the motion to withdraw but strike the *Anders* brief and remand the case for appointment of new appellate counsel.

---

[1] *Anders v. California*, 386 U.S. 738, 744 (1967).

# I. BACKGROUND

In July 2019, the State filed a petition seeking a finding that appellant had engaged in delinquent conduct and other relief. An attorney was appointed to represent him in the matter. Appellant pleaded true to indecency with a child by contact. After a hearing, the trial judge signed a judgment finding that appellant had committed indecency with a child by contact and signed a disposition order placing him on probation for two years. Appellant's attorney in this first stage of the case did not represent him in subsequent stages until she was appointed to represent him in this appeal.

In November 2020, the State filed a First Motion to Modify Disposition alleging that appellant had violated the terms of his probation. A different attorney filed a letter stating that she had been retained to represent appellant in that matter. At the hearing of the motion, appellant pleaded true to the allegations in the motion. The trial judge then signed an Agreed Order Modifying Disposition finding that appellant had violated the terms of his probation and continuing his probation until January 2023. The judge ordered appellant to report to Rockdale Youth Academy and remain there for up to 12 months.

In January 2022, the State filed a Second Motion to Modify Disposition and a Motion to Enter Judgment for Sex Offender Registration After Prior Deferral. The State alleged that appellant had committed multiple probation violations, and it requested several alternative forms of relief including commitment to the Texas

Juvenile Justice Department. The trial court appointed a new attorney to represent appellant in this proceeding.

At the hearing of the State's motions, appellant pleaded true to the allegations. After the hearing, the trial judge signed a TJJD Disposition Order that terminated appellant's probation and committed him to the Texas Juvenile Justice Department for an indeterminate period of time not to exceed his nineteenth birthday. The judge signed a separate order requiring appellant to register as a sex offender as required by Texas Code of Criminal Procedure Chapter 62.

Appellant timely appealed. The trial court appointed as his appellate counsel the same attorney who had represented appellant in connection with the State's original petition and the original plea in 2019.

Appellant's appellate counsel filed a motion to withdraw and an *Anders* brief. In her motion to withdraw, counsel notified appellant of his rights to examine the appellate record and file a responsive brief. She also averred that a copy of the motion was delivered to appellant. Additionally, this Court sent a copy of the *Anders* brief to appellant's guardian and advised her of her right to review the appellate record and file a pro se response. We have not received a response.

## II. ANALYSIS AND DISPOSITION

In *Anders*, the Supreme Court outlined a procedure to ensure that an indigent criminal defendant's right to counsel on appeal is honored when his or her appointed attorney concludes that the appeal is without merit. *See English v. State*, No. 05-20-

01105-CR, 2021 WL 5002425, at *1 (Tex. App.—Dallas Oct. 28, 2021, order) (mem. op., not designated for publication), *disp. on merits*, 2022 WL 2980707 (Tex. App.—Dallas July 28, 2022, no pet.) (mem. op., not designated for publication). If the attorney concludes that the appeal is wholly frivolous, he or she should request permission to withdraw, simultaneously filing a brief that refers to anything in the record that might arguably support the appeal. *Id*. The *Anders* brief must satisfy the appellate court that the appointed attorney's motion to withdraw is based on a conscientious and thorough review of both the record and the law. *Id*. The *Anders* procedure also applies to juvenile cases. *In re T.M.*, 583 S.W.3d 836, 837 (Tex. App.—Dallas 2019, no pet.).

We have held that it is not appropriate for appointed counsel to file an *Anders* brief if counsel also served as appellant's trial counsel. *Chandler v. State*, 988 S.W.2d 827, 828 (Tex. App.—Dallas 1999, order), *disp. on merits*, No. 05-97-00773-CR, 2000 WL 1048495 (Tex. App.—Dallas July 31, 2000, no pet.) (not designated for publication). There are two reasons for this rule: (1) appellate counsel may be biased or prejudiced when evaluating his or her own performance at trial, and (2) counsel who erred during the trial phase of the case may not recognize the error on appeal. *Id*. If trial counsel is appointed to serve as appellate counsel and comes to believe that the appeal is frivolous, he or she should move to withdraw without filing an *Anders* brief so that new appellate counsel can be appointed. *Id*.

–4–

In this case, appointed appellate counsel served as appellant's trial counsel during the initial disposition proceedings in the trial court, but she did not serve as trial counsel during the modification proceeding that led to issuance of the order now before us on appeal. Nevertheless, fundamental error could have occurred while counsel served as appellant's trial counsel and could be raised in this appeal. *See In re X.B.*, 369 S.W.3d 350, 353–55 (Tex. App.—Texarkana 2012, no pet.) (reversing juvenile adjudication judgment for lack of jurisdiction in context of appeal from subsequent modification order). Thus, the policy concerns underlying the *Chandler* rule apply in this context, and we conclude that the rule applies.

Accordingly, we strike the *Anders* brief filed by appellate counsel, grant counsel's motion to withdraw, abate the appeal, remand the case to the trial court, and order the trial court to appoint new appellate counsel to represent appellant. New appellate counsel should investigate the record and file either a brief that addresses arguable issues found in the record or an *Anders* brief that complies with the requirements of *Anders* and its progeny.

/Dennise Garcia/
_____
DENNISE GARCIA
JUSTICE

220664NF.P05