

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00026-CV

IN THE MATTER OF L.R.D., A JUVENILE

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. J-11-22

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

The juvenile court found that L.R.D. engaged in delinquent conduct. After it found that L.R.D. had violated the terms of his probation, the juvenile court entered disposition orders committing L.R.D. to the Texas Juvenile Justice Department. On appeal, L.R.D. challenges the juvenile court's jurisdiction. Because we conclude that the juvenile court lacked jurisdiction over L.R.D., we reverse the adjudication and disposition orders and remand this case for further proceedings.

## I.      The Juvenile Court Lacked Jurisdiction Over L.R.D.

"Section 53.06 of the Texas Family Code provides that a juvenile court 'shall direct issuance of a summons to . . . the child named in the petition,' among others, and also requires that '[a] copy of the petition must accompany the summons.'" *In re X.B.*, 369 S.W.3d 350, 352 (Tex. App.—Texarkana 2012, no pet.) (alteration in original) (quoting TEX. FAM. CODE ANN. § 53.06(a), (b)). "Section 53.06 of the Family Code further provides that a child may not waive service of summons by written stipulation or voluntary appearance at trial." *Id.* (citing TEX. FAM. CODE ANN. § 53.06(e); *In re D.W.M.*, 562 S.W.2d 851, 853 (Tex. 1978) (per curiam)). "This language reflects the common law rule that a minor is without legal capacity under the law to waive service of summons." *Id.* (quoting *In re D.W.M.*, 562 S.W.2d at 853). "When the record contains no affirmative showing of service on the juvenile, the juvenile court lacks jurisdiction, despite the juvenile's appearance at trial." *Id.* (citing *In re D.W.M.*, 562 S.W.2d at 852–53; *In re M.D.R.*, 113 S.W.3d 552, 553 (Tex. App.—Texarkana 2003, no pet.)).

Here, there was nothing in the record affirmatively showing that a summons, accompanied by a copy of the petition, was served on L.R.D. Instead, the record shows that the summons issued to the child was not delivered to the child, but to J.R.D.[1] In its response, the State concedes, and we find, that, "[b]ecause there was no showing of actual service of the petition on [L.R.D.], the [juvenile] court did not have personal jurisdiction." *In re M.D.R.*, 113 S.W.3d 552, 554 (Tex. App.—Texarkana 2003, no pet.). As a result, "the original adjudication proceeding in this case contained fundamental error." *In re X.B.*, 369 S.W.3d at 354. Further, "the judgment of adjudication is void," as is the disposition order. *Id.*

## II.     Conclusion

We reverse the juvenile court's orders of adjudication and disposition and remand the matter to the juvenile court for further proceedings consistent with this opinion.

Scott E. Stevens
Chief Justice

Date Submitted:     January 9, 2024
Date Decided:       January 10, 2024

---

[1]We must use a pseudonym for the child and his parents to protect the identity of the child. TEX. R. APP. P. 9.8. It appears that J.R.D. is one of the child's parents. The return for the summons issued for L.R.D. has a name that was scratched out, and the name "[J.R.D.]" was handwritten into that space.