

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00096-CV

IN THE MATTER OF J.D.P., A JUVENILE

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 21JV0001-CCL

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

A juvenile court adjudicated J.D.P. guilty of delinquent conduct and assessed a determinate sentence of twenty years. Before his eighteenth birthday, the juvenile court entered a dispositional order transferring J.D.P. to the Texas Department of Criminal Justice (TDCJ) to serve the remainder of his determinate sentence. In his sole point of error on appeal, J.D.P. argues that the juvenile court did not acquire jurisdiction over him because he was never served with the State's amended petitions to adjudicate him guilty of delinquent conduct. Because we find that J.D.P. was duly served with the State's original petition and that the amended petitions added no new allegations of delinquent conduct, we find that the juvenile court had jurisdiction over J.D.P. As a result, we affirm the juvenile court's dispositional order of transfer.

## I.      Factual Background

The State filed a petition alleging that J.D.P. committed delinquent conduct by shooting T.G. with a firearm. The original petition alleged that J.D.P. was in a dating relationship with T.G. and that, as a result, J.D.P.'s conduct was listed as a first-degree felony in the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 22.02(b)(1)(A) (Supp.). Once the petition was filed, the clerk issued a summons ordering J.D.P. to appear on April 1, 2021, to answer the allegations in the petition. The summons reflected that a copy of the petition was attached. The appellate record contains a return of summons showing that J.D.P. was served with a copy of the original petition on March 16, 2021.

On March 10, 2021, the State filed an amended petition, and on March 11, the State filed a second amended petition. The amended petitions contained no new offenses, but merely

removed the allegation that J.D.P. and T.G. were in a dating relationship, which reclassified the delinquent conduct as being a second-degree felony under the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 22.02(a)–(b) (Supp.). The second amended petition also changed the corresponding Texas Penal Code section for the delinquent conduct from Section 22.02(b)(1) of the aggravated assault statute to Section 22.02(a)(1)–(2). The appellate record does not contain any return of summons on either of the State's amended petitions.

On April 1, after J.D.P. signed a stipulation of evidence admitting that he "intentionally, knowingly, and recklessly cause[d] serious bodily injury to [T.G.] . . . by gun shot" while "us[ing] or exhibit[ing] a deadly weapon," the juvenile court adjudicated him guilty of delinquent conduct. That same day, J.D.P. signed a written waiver of grand jury approval, and the juvenile court entered a disposition order committing J.D.P. to the Texas Juvenile Justice Department for a determinate period of twenty years, with a possible transfer to the TDCJ.

On December 7, 2023, the juvenile court entered a dispositional order transferring J.D.P. to the TDCJ to serve the remainder of his determinate sentence. It is from that order that J.D.P. appeals.

## II. The Juvenile Court Had Jurisdiction Over J.D.P.

In his sole point of error on appeal, J.D.P. argues that, while he was properly served with the original petition in accordance with Section 53.06 of the Texas Family Code, he was not served with the State's amended petitions. *See* TEX. FAM. CODE ANN. § 53.06. As a result, J.D.P. argues that the juvenile court lacked jurisdiction to adjudicate his guilt for delinquent conduct. We disagree.

J.D.P. is correct in noting that "Section 53.06 of the Texas Family Code provides that a juvenile court 'shall direct issuance of a summons to . . . the child named in the petition,' among others, and also requires that '[a] copy of the petition must accompany the summons.'" *In re X.B.*, 369 S.W.3d 350, 352 (Tex. App.—Texarkana 2012, no pet.) (alteration in original) (quoting TEX. FAM. CODE ANN. § 53.06(a), (b)). "Section 53.06 of the Family Code further provides that a child may not waive service of summons by written stipulation or voluntary appearance at trial." *Id.* (citing TEX. FAM. CODE ANN. § 53.06(e); *In re D.W.M.*, 562 S.W.2d 851, 853 (Tex. 1978) (per curiam)).[1] But, it is only "[w]hen the record contains no affirmative showing of service on the juvenile, [that] the juvenile court lacks jurisdiction, despite the juvenile's appearance at trial." *Id.* (citing *In re D.W.M.*, 562 S.W.2d at 852–53; *In re M.D.R.*, 113 S.W.3d 552, 553 (Tex. App.—Texarkana 2003, no pet.)).

Here, the record affirmatively shows that J.D.P. was served with a copy of the original petition and that, as a result, the juvenile court "acquired jurisdiction over [J.D.P.] at that time." *In re G.A.T.*, 16 S.W.3d 818, 822 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (a juvenile court acquired jurisdiction when served with a summons on an original petition). "When jurisdiction attaches by virtue of a properly served original petition, the [juvenile] court does not lose jurisdiction because the State may have failed to serve appellant with an amended petition." *Id.* at 823; *see State v. C.J.F.*, 183 S.W.3d 841, 851 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ("[W]hen a juvenile has been served with the original petition, the trial court does not lose jurisdiction for lack of service if the charges are refiled in a later amended

---

[1]"This language reflects the common law rule that a minor is without legal capacity under the law to waive service of summons." *In re X.B.*, 369 S.W.3d at 352 (quoting *In re D.W.M.*, 562 S.W.2d at 853).

petition."); *In re K.H.*, No. 04-04-00924-CV, 2005 WL 3396588, at *1 (Tex. App.—San Antonio Dec. 14, 2005, no pet.) (mem. op.) ("Service of a later amended petition, however, is not required for the trial court to have jurisdiction when a juvenile has been properly served with the original petition.").

Accordingly, we find that the juvenile court acquired jurisdiction over J.D.P. when he was served with the original petition. We overrule J.D.P.'s sole appellate issue.

## III. Conclusion

We affirm the juvenile court's dispositional order of transfer.

Charles van Cleef
Justice

Date Submitted:    September 17, 2024
Date Decided:    October 3, 2024

5